*W. C. McCall* and *J. D. Wade Jr.,* for plaintiff.

*Stanley S. Bennet,* contra.

---

## WADE *v.* WATSON.

1. The contract sued upon was not an unconditional contract in writing, and it was not necessary that the defendant should have sworn to his answer made in the suit upon it.
2. A plea should not be stricken because one part of it is contradictory to another part of it.

Submitted October 14,—Decided November 18,—Rehearing denied November 27, 1907.

Complaint. Before Judge Worrill. Tift superior court. July 3, 1907.

*W. J. Wallace,* for plaintiff in error. *Ellis & Ellis,* contra.

HOLDEN, J. Jacob Watson brought suit against Hardman Wade on the following contract: "Georgia, Berrien County. I hereby transfer and assign the within bond for titles to Hardman Wade, of Madison County, Georgia, for the following consideration, to wit: In consideration of the sum of eleven hundred ($1100.00) dollars cash in hand paid by the said Hardman Wade, receipt of which is hereby acknowledged, and also of the further consideration that the said Hardman Wade assumes the payment of two promissory notes given by me to Thos. S. Marchant for part of the purchase-money for said land, to wit: One note for $200.00 due November 1st, 1905, and one note for $200.00 due November 1st, 1906, as shown in within bond, which said notes the said Hardman Wade agrees to pay by or on the 1st day of January, 1906, it being understood that I am to receive the discount of 12% which said Thos. S. Marchant allows for the payment of said notes before maturity. I also agree to pay Tifton Real Estate Co. $50.00 as services for selling said place, and said

Wade is hereby authorized and directed to pay said sum out of the proceeds of said discount. Witness my hand and seal, this the 18th day of November, 1904. [Signed] Jacob Watson (Seal). Attest: R. C. Ellis, Not. Pub., Berrien County, Ga."

It was alleged in the petition, that on the 28th of September, 1903, Watson purchased from Marchant 130 acres of land, and paid a part of the purchase-money in cash and gave his notes for the balance to Marchant, who executed to Watson a bond for titles. Watson sold the lands to Wade, and transferred to him, on Nov. 18, 1904, the bond for titles as above stated in the contract sued upon. The two notes referred to in the transfer were not due and were unpaid. Bond for titles and possession of the land were delivered to Wade by Watson. Wade refused to pay the notes and to pay the discount sued for. The 7th paragraph of the petition alleged that Wade agreed to pay the Tifton Real Estate Company $50.00 for Watson, out of the discount due Watson, and that the Company had transferred all of its rights to said $50.00 to Watson. The defendant in his answer alleged that he could neither affirm nor deny the allegations contained in paragraph 7 of the petition, for want of sufficient information, but denied all the other allegations of the petition except that he was a resident of the county. The defendant in his answer, after doing this, set up "as additional matter of defense" that "the alleged agreement" by Marchant to allow Watson the discount, if made, was "nudum pactum, without fresh consideration," and could not be enforced; that Watson was undertaking to enforce a penalty of 12% per annum for the non-payment of an indebtedness, in violation of the laws fixing interest to be paid for the use of money; that, under the terms of the alleged transfer, Watson was the original debtor to the Tifton Real Estate Company, and the defendant could not be bound by the undertaking to pay this indebtedness unless he made a promise to do so in writing signed by him, and without a legal transfer of the alleged cause of action suit could not be maintained against the defendant. This answer was not sworn to by the defendant.

The plaintiff in the court below demurred generally to the answer of the defendant Wade, alleging, that the suit was on an unconditional contract in writing and the plea was not sworn to; that the defendant admits the contract in his answer and sets up

no valid defense thereto. The demurrer had other special grounds, which it is unnecessary here to set out. The court sustained the demurrer and struck the plea of the defendant. The court then directed a verdict for the plaintiff for $64.00 as principal and $11.20 as interest, and entered up judgment thereon. To the ruling of the court, in sustaining the demurrer and striking the defendant's plea, the defendant in his bill of exceptions assigns error for the reasons, first, that the alleged contract upon which Watson sued was not an unconditional contract in writing such as required his plea to be sworn to; and second, that the plaintiff's suit was for a discount of 12% per annum, whereas the alleged contract provided for a discount of 12% and not 12 per cent per annum. To the direction of a verdict and entering up judgment the plaintiff in error assigns error, because, first, the alleged contract provided for 12% discount on $400, which would have been only $48.00, whereas the court directed a verdict and entered up judgment for $64.00, which was a discount of 12% per annum; and second, that, after striking defendant's plea, the court was without authority to direct a verdict and any judgment based thereon was illegal.

After the striking of the plea, the defendant in error introduced in evidence a written assignment from the Tifton Real Estate Company to Jacob Watson, by which the real estate company transferred to Watson all interest in the indebtedness of $50 referred to in the transfer.

1. One of the general grounds of the demurrer to the defendant's plea was that the suit was upon an unconditional contract in writing and the defendant's plea was not sworn to. If it was an unconditional contract in writing, the court did right in striking the plea of the defendant to the suit upon it, because it appeared that the plea was not sworn to. If it was not an unconditional contract in writing, it was unnecessary to swear to the plea to the suit upon it, and the plea should not have been stricken because not sworn to. Was the contract upon which suit was brought in this case a conditional or unconditional contract in writing, so far as concerns the plaintiff in error, Wade? It appears from the contract itself that Marchant held two notes of Watson, which Wade in the contract agreed to pay on the 1st day of January, 1906, which was before maturity. In the contract ap-

peared these words: "which said notes the said Hardman Wade agrees to pay by or on the 1st day of January, 1906, it being understood that I am to receive the discount of 12% which said Thos. S. Marchant allows for the payment of said notes before maturity." Construing the words, "I am to receive," as meaning that Wade is to pay to Watson, the meaning of the contract would be that Wade was to pay to Marchant the notes by the 1st of January and was to pay to Watson the discount referred to. What discount is referred to? It is the discount which Marchant "allows for the payment of said notes before maturity." It is our construction of this contract that Wade agreed to pay this discount to Watson in the event only that Marchant allowed it if the notes were paid before maturity. If this is the meaning of the contract, it is a conditional contract on the part of Wade to pay this discount to Watson. If Wade paid the notes before maturity, and Marchant would not allow the discount and was under no obligation to allow the discount, certainly Wade would not be required to pay this discount to Watson. Marchant is no party to the agreement, and it nowhere appears from the agreement that Marchant is bound to allow this discount. The defendant in his answer denies the allegation that Marchant was bound to allow it. There may have been some negotiations between Marchant and Watson in reference to Marchant allowing Watson the discount if the notes were paid before maturity, and still Marchant may have been under no legal obligation to allow it if the notes were paid before maturity, and may have refused to allow it. It certainly does not appear from this contract, to which Marchant is no party, that Marchant is bound to allow the discount. Suppose that Wade performed his obligation in paying to Marchant the amount due on the notes by the 1st of January, 1906, and Marchant refused to allow the discount and had good grounds for such refusal, could Watson sue and recover from Wade this discount? Manifestly not, because if he paid to Marchant the full amount of the notes, and then had to pay to Watson the discount, he would be paying the amount of this discount twice, and there is no agreement on his part to pay it but once. It is true he agrees to pay it this one time to Watson; but certainly a fair construction of this contract means that he is not to pay this discount to Watson unless Marchant allows it. It

being a proper construction of this contract that Wade is to pay this discount to Watson if Marchant allows it, but is not to pay it unless Marchant does allow it, it follows that it is a conditional contract. According to the contract the payment of this discount by Wade to Watson is contingent upon Marchant allowing the discount. The agreement by Wade to pay Watson this discount being conditional, under a proper construction of the contract, upon Marchant allowing it, makes it a conditional contract. The contract sued on being a conditional contract in writing, it follows that it was not necessary for the defendant Wade, when sued upon it, to swear to his plea. It was error, therefore, for the court to strike the plea because it was not sworn to.

2. The other general ground of demurrer to the defendant's plea was that while the defendant denied in a general way certain paragraphs of the plaintiff's petition, he admitted the contract and set up no valid defense thereto. The defendant in his plea admitted the 1st paragraph of plaintiff's petition that he was a resident of the county, but denied the allegation in the petition that he failed and refused to pay said two promissory notes, and denied all other paragraphs in the petition except paragraph 7, which he neither admitted nor denied, and which is substantially set forth in the statement of facts. The defendant in his plea denies the allegation in the petition that Marchant had agreed to allow the discount referred to should the notes be paid by January 1st, 1906, and that he is indebted to petitioner as set forth in the petition. He then, in his plea, undertakes to set up additional matters of defense, but nowhere in his plea does he admit making or assenting to the contract sued upon. He refers to the contract and transfer in his plea as the "alleged contract and transfer." If he averred in his plea that he was not bound by the contract if he had made it, this would not be cause for striking the whole plea when in another portion of the plea he denied substantially every allegation in the plaintiff's petition except the allegations in paragraph 7 above referred to, which he neither admitted nor denied for want of sufficient information. The defendant Wade in his plea denied the allegation in the petition that he failed and refused to pay the notes, and denied the allegation that Marchant had agreed to allow the discount. He further denied the allegation that he owed plaintiff on the contract sued on. The

plea, in the denials, made issues requiring evidence on the part of the plaintiff to show his right to recover before he was entitled to a verdict, and in the face of these denials it was error to strike this plea because of any inconsistent, or apparently inconsistent, allegations therein. A party has the right to file contradictory pleas. Civil Code, §5065.

3. It follows from what we have said that it was error to strike the defendant's plea and direct a verdict and enter judgment; and the judgment of the court below is

*Reversed. All the Justices concur.*