## Smith Bros. & Co. *v.* Agee & Co.

### *Slander.*

(Decided May 30, 1912.  Rehearing denied June 29, 1912.
59 South. 647.)

1. *Parties; Description; Partnership or Individual.*—An action for slander brought by Smith Brothers & Company, a co-partnership, composed of A. E. Smith and N. C. Smith, is a suit by the partners as individuals and not by the partnership.

2. *Pleading; Pleas; Requisites.*—A plea must either traverse or confess and avoid the matter declared on.

3. *Libel and Slander; Slander; Liability.*—Unlike libel, slander is not susceptible of a joint commission by two or more persons, and hence, an action joining two or more defendants for slander is subject to demurrer for misjoinder.

4. *Same; Pleading; Innuendo.*—One suing for slander is limited in his right to recover to the meaning ascribed by his innuendo to the publication.

5. *Same.*—It is not the office of innuendo to introduce new matter or enlarge the natural or usual meaning of words.

6. *Same; Actionable Publication.*—A statement by defendant at a meeting of the creditors of one H., that said H. was a half brother of Smith Brothers, plaintiffs, that his money went into the firm of Smith Brothers & Company, and that he was the company, is not actionable as conveying the idea that plaintiffs and said H., who was the bankrupt, had concealed, removed or disbursed the property belonging to H., with intent to defraud his creditors, and that plaintiffs were untrustworthy or dishonest, and that credit should not be extended to them by those engaged in the sale of goods, nor by brother merchants.

7. *Same; Pleas in Bar; Sufficient.*—A plea to an action of slander that "if the alleged words were spoken" they were spoken in good

faith, without malice, etc., fails to confess, without condition, utterance of so much of the words charged as would support the cause of action, and hence, was insufficient under the rules that a plea must either traverse or must confess and avoid the pleaded matter.

8. *Same; Damn Rascal.*—The term "damn rascal" is opprobrious, and is one of the strongest expressions to convey the idea of moral turpitude.

9. *Same; Privilege; Creditor's Meetings.*—A creditor's meeting is an occasion of qualified, conditional privilege as affecting liability as for slander of statements made therein.

10. *Same.*—Speaking of plaintiffs in a meeting of the creditors of a third person as damn rascal, did not destroy the privilege of the occasion, though such unnecessary defamatory expression may be considered in determining the existence of actual malice on the part of defendant in the utterance of such statement.

11. *Same; Conditional Qualified Privileges; Elements.*—In an action for slander absence of actual malice is an essential element of qualified privileged communication.

(Simpson, Sayre and Somerville, JJ., dissent.)

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Smith Brothers & Company against W. C. Agee & Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

As originally brought, the action was by Smith Bros. & Co., a copartnership composed of A. E. Smith and N. C. Smith, against Walter C. Agee and W. C. Agee & Co., a copartnership composed of W. C. Agee and E. W. Rucker. The complaint was afterwards amended by eliminating all parties defendant except Walter C. Agee. The fifth count sufficiently appears from the opinion. Plea 3 is as follows: "Defendant W. C. Agee says that, if the alleged words were spoken at all by W. C. Agee, they were spoken in a meeting of the creditors of S. Hall, or the representatives of such creditors in reference to their business as such creditors, and were spoken in good faith without malice, and believing that they were true, and that at said time W. C. Agee was a member of the firm of Agee & Co., who were

creditors of said S. Hall, and said Agee was represent-
ing the said firm at said meeting." Grounds of demur-
rer referred to are as follows: ".(9) For that said plea
does not admit that said words were published by de-
fendant. (10) For that said plea does not confess and
avoid, and is not a plea in bar."

ALLEN & BELL, for appellant. The suit was by the in-
dividuals and not by the partnership.—*Hatcher v.
Branch,* 37 South. 609. The suit was properly brought
against the partnership of Agee & Co.—*Mark v. Hast-
ings,* 13 South. 300; *Clark v. Ball,* 2 L. R. A. (N. S.)
100; 30 Cyc. 422, 477, 522; *Atlantic G. Co. v. Paulk,*
83 Ala. 404, and cases cited. The words charged in
the first innuendo conveyed the idea that plaintiffs
were engaged with Hall in the business of defrauding
his creditors by concealing, removing or conveying
property which the creditors were entitled to have.—13
Enc. P. & P. 39 C, 42 F, and 49-4; *Robinson v. Drum-
mond,* 24 Ala. 174; *Iron Age P. Co. v. Crudup,* 85 Ala.
520; *Ware v. Clowney,* 24 Ala. 707; *Trimble v. Ander-
son,* 79 Ala. 514; *Gaither v. Advertiser Co.,* 102 Ala.
262. Under these authorities the court improperly sus-
tained demurrers to count 5. The occasion set up in the
3rd plea did not show that it was a privileged one.—
99 Ill. App. 8; 45 Ind. 163; 61 N. Y. Supp. 705; 179 Pa.
St. 98; 84 Va. 884; 3 L. R. A. (N. S.) 11. By the use
of the words "damn rascal" defendant is presumed to
have had malice.—*Mulderig v. Wilkesbarre,* 114 Am.
St. Rep. 967. A lawful occasion cannot be used for the
purpose of venting one's malice.—23 Am. St. Rep. 188;
25 Ga. 529; 26 N. E. 91; 67 Am. St. Rep. 307; 3 L. R.
A. (N. S.) 1142. The plea is further faulty since it
neither traverses or confesses and avoids the matters
pleaded.—*Ferdon v. Dickens,* 49 South. 888; 38 S. W.

730. It is competent to show whether Agee was mad, excited, cool or calm.—*Jenkins v. State,* 82 Ala. 25; *Miller v. State,* 107 Ala. 10; *Hereford v. Coombs,* 126 Ala. 369. Counsel discuss the further objections to testimony and the charges given and refused, and insist that on the authorities above set forth, there was error in the record justifying a reversal.

FRANK S. WHITE & SONS, and HARSH, BEDDOW & FITTS, for appellee. Unlike libel, slander cannot be jointly committed.—25 Cyc. 434; *Singer M. Co. v. Taylar,* 150 Ala. 574§ 78 Am. St. Rep. 144. He alone who spoke the words can be liable.—13 Enc. P. & P. 30; 18 A. & E. Enc. of Law, 1057. The 3rd plea was sufficient. —25 Cyc. 397, 459; 32 Cent. Dig. col. 2053. It was immaterial whether Agee was angry or in a good humor, and besides, the court is not informed as to what answer would have been made to the question. —*B. R. L. & P. Co. v. Selhorst,* 165 Ala. 481; *Smith v. State,* 142 Ala. 26. Counsel discuss other assignments of error relative to evidence, but without citation of authority. They discuss the charges refused to plaintiff and insist that they were properly refused on the following authorities.—*Tutwiler v. Burns,* 160 Ala. 386; *Searight v. State,* 160 Ala. 33; *Hill v. State,* 156 Ala. 3; *Gaither v. Advertiser Co.,* 102 Ala. 262.

McCLELLAN, J.—Action for damages for slander.

According to the authority of *Hatcher v. Branch, Powell & Co.,* 141 Ala. 410, 37 South. 690, and *Greer & Walker v. Lüpfert-Scales Co.,* 156 Ala. 572, 47 South. 307, this action is by the individuals (named in the caption of the complaint) composing the copartnership, and not by the copartnership.

The demurrer, filed August 24, 1909, was, in consequence, not well taken.

The defendants to the action (before amendment) were Walter C. Agee and W. C. Agee & Co., composed of Walter C. Agee and Edmund W. Rucker. Since "slander," differing from libel (see *Atlantic Glass Co. v. Paulk,* 83 Ala. 404, 3 South. 800), is not a tort capable of *joint commission* by two or more persons, the demurrer, taking the point of misjoinder on that account, was properly sustained.—*Singer Mfg. Co. v. Taylor,* 150 Ala. 574, 43 South. 210, 9 L. R. A. (N. S.) 929, 124 Am. St. Rep. 90, and authorities therein cited. See, also, 25 Cyc. p. 434; *Page v. Citizens' Banking Co.,* 111 Ga. 73, 36 S. E. 418, 51 L. R. A. 463, 78 Am. St. Rep. 144.

The complaint was amended so as to eliminate all parties defendant except Walter C. Agee.

The fifth count of the amended complaint charged utterance by defendant of these words: "S. Hall is a half-brother of Smith brothers. His money went into the firm of Smith Bros. & Co. He is the company to the firm of Smith Bros. & Co."

It is asserted in this count that the intention of the defendant in uttering these words was to convey, and did convey, the idea that Smith Bros. & Co., composed as aforesaid, and S. Hall, a bankrupt, had concealed, removed, disposed of, and conveyed property belonging to Hall, who was then in an insolvent condition, with the intent to defraud the creditors of Hall; and that said concealment, transfer, conveyance, and disposition of Hall was wickedly, unlawfully, and wrongfully done; and that plaintiffs were untrustworthy, dishonest, and unreliable; and that credit should not be extended to them or confidence placed in them by the pub-

lic and by those engaged in the sale of goods, by wholesale dealers and by brother merchants.

In *Labor Review Publishing Co. v. Galliher,* 153 Ala. 370, 45 South. 190, 15 Ann. Cas. 674, it was said: Many of the textwriters and courts have recognized a distinction between that class of actions for libel where the object of the offending matter was the profession, trade, or business of the plaintiff, and that class where the publication was directed against the individual.— 25 Cys. pp. 326-329, 353-355, and notes. In the former class it has been held that the gist of the action is the injury intentionally inflicted by the publication of the false matter, and that the averment of special damages will state a cause of action.; and, in the latter, that in order to sustain the action the words must be susceptible of a meaning defamatory in character.—*Iron Age Publishing Co. v. Crudup,* 85 Ala. 519, 5 South. 332. A consideration of the controverted question as to whether the matter must be defamatory to maintain an action for libel of one in his profession, trade, or business is entirely obviated in this case, since the plaintiff has, by his innuendo, ascribed to the publication a meaning or meanings by which he is bound (*Callahan v. Ingram,* 122 Mo. 355, 26 S. W. 1020, 43 Am. St. Rep. 583), and the correctness of which must be found, if the demurrer was properly overruled. So we are relegated to a construction of the publication to ascertain whether it is susceptible of the defamatory meanings attributed to it.—*Gaither v. Advertiser Co.,* 102 Ala. 458, 14 South. 788. And, if the matter pleaded is not susceptible of the meaning ascribed, the action must fall.—*Gaither's Case, supra.*"

These observances are pertinent to the question of the sufficiency of the fifth count of the complaint as amended. No *special* damage to the plaintiffs in their

business or trade is averred in this count.—Newell on Slander & Libel, pp. 849, 850; Starkie on Slander, pp. 193, 202, 203; Townshend on Slander & Libel (4th Ed.) p. 261; 13 Ency. Pl. & Pr. pp. 38, 39.

Are the words quoted from the fifth count susceptible of the meaning ascribed to them, considering them in the light of the circumstances disclosed by the other averments of the court?

In themselves, these words are obviously innocent, harmless. When referred to the financial condition of Hall and to his relationship to the Smiths we are still unable to see how, from the words, the defamatory meaning ascribed could be reasonably attributed to them. Viewed in connection with the circumstances alleged, every intendment of the words reasonably consists with honesty, fidelity, trustworthiness, and justified confidence. Hall's money could have found investment in the "company" without semblance of fraud or wrong on his part or on that of the Smiths. So, also, could Hall have been the *company* in that firm. For aught that appears in the words charged, his financial connection or dealings or relation with the firm might have occurred long before Hall became insolvent, and long before the Smiths knew or had any notice of Hall's financial condition. It is not the office of innuendo to introduce new matter or enlarge the natural meaning of words.—*Gaither's Case, supra.* The meaning ascribed, in count 5, to the words set out therein, is not justified; and hence the count was insufficient.—*Labor Review Pub. Co. v. Galliher, supra.*

The count treated in *Robinson v. Drummond,* 24 Ala. 174, contained such words as, when considered in connection with the fact that the defendant's dwelling had been feloniously burned in the nighttime, carried the

necessary implication that plaintiff was the perpetrator of the arson.

Special plea 3, which will be set out in the report of the appeal, was subject to the demurrer. Its purpose was to set up matter in bar of a recovery, not merely in mitigation of damages; and so, on the theory of qualified privilege.—*Ferdon v. Dickens,* 161 Ala. 181, 194, 49 South. 888. The plea's theory placed it in the class of pleas of confession and avoidance. It was defective in that it did not, without condition, confess the utterance of so much of the words charged, as would support the cause of action.—1 Chitty on Pl. (7th Amer. Ed.) p. 648; *Williams v. McKee,* 98 Tenn. 139, 38 S. W. 730; Prac. (N. Y.) 401-403.

In *Jones v. Forehand,* 89 Ga. 520, 16 S. E. 262, 32 Am. St. Rep. 81, and *Kleizer v. Symmes,* 40 Ind. 562, cited in support of the text in 25 Cyc. p. 459, subd. C, it was ruled that the assertion of privilege in the utterance was properly pleaded upon the *condition* that the words were spoken. These decisions appear to have been strongly affected, if not controlled, in conclusion, on this point, by statutes of force in those states.

Pleas must either traverse, or confess and avoid, the matter of the action declared on. And the element of *confession,* in pleas of that class, is as essential as that in *avoidance.*—*Buddington v. Davis, supra.*

Accordingly, grounds 9 and 10 of the demurrer should have been sustained.

The occasion upon which the defendant is charged to have uttered the words set forth in the counts was, we think, an occasion of conditional, qualified privilege. —25 Cyc. pp. 385-387. It was a meeting of the creditors of S. Hall. In amended count 6, for instance, it is alleged that the defendant, in that meeting, denounced the plaintiffs and Hall as "damn rascals," and charg-

ed that the "failure of S. Hall was a cut and dried scheme between ·S. Hall and Smith Bros. to defraud the creditors of S. Hall." The term "damn rascal" is an opprobrious expression and is one of the strongest expressions to convey the idea of moral turpitude.— *Brown v. Mims*, 2 Mill, Const. (S. C.) 235. It cannot be said that its utterance was foreign to the occasion, however untrue in fact it may have been. If Smith Bros. were the beneficiaries of the wrongful disposition of S. Hall's assets, to the exclusion of their just application to the demands of S. Hall's creditors, the act was fraudulent and dishonest; and if, in characterizing it, the speaker employed the expression averred, with actual malice, his fault lay in *exceeding* the privilege the occasion afforded.

"Where a party makes a communication, and such communication is prompted by duty owed either to the public or to a third party, or the communication is one in which the party has an interest and it is made to another having a corresponding interest, the communication is privileged if made in good faith and without actual malice. * * * The duty under which the party is privileged to make the communication need not be one having the force of legal obligation, but it is sufficient if it is social or moral in its nature and defendant in good faith believes he is acting in pursuance thereof, although in fact he is mistaken."—25 Cyc. pp. 385, 386.

While there are authorities to the contrary, we think the sounder, better rule is that merely *exceeding* the privilege, in consequence of excitement or of intemperance of speech, does not per se destroy the privilege; but that such unnecessarily defamatory expression, upon the privileged occasion, may be considered by the jury in determining actual malice vel non in the utter-

ance; and which, if present, negatives an essential element of qualified privileged communication and defeats the defense based upon that character of privilege.— *Fresh v. Cutter*, 73 Md. 87, 20 Atl. 774, 10 L. R. A. 67, 25 Am. St. Rep. 575; *Atwill v. Mackintosh*, 120 Mass. 177; Townshend on Slander Q Libel, § 244b.

From these considerations it follows that special plea 3 is not otherwise subject to the demurrer.

The posture of the case will be so changed upon the next trial, in consequence of our conclusion as to the action's being by the individuals and of the views stated, it is not now necessary to treat other matters discussed by counsel.

Reversed and remanded.

. DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur. SIMPSON, SAYRE, and SOMERVILLE, JJ., dissent.

