## McINTOSH *v.* WILLIAMS.

1. The truth of the charge made may always be proved in justification of the libel.

(*a*) The defendant in an action for libel, by way of defense, can allege directly that the charge is true, or he can in his answer allege facts which tend to establish the truth thereof.

(*b*) Where a citizen and taxpayer of the county published a writing charging the chairman of the board of county commissioners with disregarding, in the conduct of his office, the principle that public office is a public trust and in using his office for personal gain, and was sued by such officer on the ground that such charge was libelous, it was competent for the publisher of such writing to allege and prove that such officer withdrew funds of the county from a bank wherein they were earning a higher rate of interest, and deposited them in a bank of which he was a stockholder and director at a lower rate of interest.

2. Comments upon the acts of a public officer are privileged. Such privilege is not absolute, but conditional; and if used as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the officer defamed has a cause of action.

(*a*) "Where an occasion is pleaded as privileged, all facts calculated to throw light upon the true character of the occasion are admissible in evidence."

(*b*) The facts alleged in subparagraphs d and e of paragraph 13 of the defendant's answer were properly pleaded as tending to establish the truth of the charge, or to sustain the privilege claimed, or to mitigate damages; and whether they were sufficient to justify, mitigate, or render privileged, either absolutely or conditionally, the publication of the writing which the plaintiff claimed was libelous, were questions for the jury.

(*c*) Such subparagraphs of the answer were not subject to the demurrer urged against them by the plaintiff.

No. 4693. June 10, 1925.

Certiorari; from Court of Appeals. 33 *Ga. App.* 105.

*H. J. MacIntyre* and *E. K. Wilcox,* for plaintiff in error.

*Titus & Dekle,* contra.

Hines, J.　This case is in this court upon certiorari to review the judgment of the Court of Appeals. The action is one of libel, brought by Williams against McIntosh. The plaintiff specially demurred to subparagraphs d and e of paragraph 13 of the defendant's answer, on the grounds (1) that the facts therein alleged are not pertinent, or in any manner related to, or connected with, the acts charged by the defendant against the plaintiff in the alleged libelous writing, and do not constitute any basis for the privilege pleaded by the defendant in the publication of the alleged libel; and (2) that said acts are not the same as those charged by the defendant to have been committed by the plaintiff in the alleged libel, and are in law insufficient, even if true, to excuse, mitigate, or render privileged, either absolutely or conditionally, the composition and publication of the distinct and separate acts alleged to have been committed by the plaintiff in the alleged

libelous matters. The trial judge overruled the special demurrer of the plaintiff to these subparagraphs of this paragraph of the defendant's answer. The Court of Appeals held that the trial judge erred in this ruling, and reversed the judgment upon this ground. The defendant seeks to reverse this ruling of the Court of Appeals. The alleged libel, the answer of the defendant, the special demurrer of the plaintiff thereto, the ruling of the trial court, and the opinion of the Court of Appeals appear in the report of the case in the last named court. *Williams* v. *McIntosh, 33 Ga. App.* 105 (125 S. E. 864). In addition to the facts which appear in said report of this case, it is necessary to call attention to. some allegations in the plaintiff's petition. The writing published by the defendant and alleged by the plaintiff to be a libel, makes two general charges against the plaintiff. One of these charges is, that the plaintiff, as chairman of the board of county commissioners of Thomas County, having control and management of the fiscal affairs of that county, had expended a large amount of the county funds for mule hire, when mules were offered to the county without hire. The plaintiff alleged that this charge was false, malicious, defamatory of his character, and libelous. The other charge was couched in this language: "The best type of public officials respect this fiduciary responsibility and regard public office as a public trust. But this principle does not seem to be the guide of Chairman Williams, who acts as if a public office was a private possession." The plaintiff alleges that this statement was false, malicious, defamatory and libelous. In the above subparagraphs of paragraph 13 of his answer, the defendant alleged that the plaintiff, as chairman of the board of county commissioners of Thomas County, withdrew from the Trust Company of Georgia, where it was deposited and earning for the county interest at 4-½ per cent. per annum, the sum of $41,000 of the funds of that county, and deposited the same in a bank in which he was a stockholder and director, under an agreement by which his bank was only to pay the county interest at four per cent. per annum, and that at the same time the plaintiff as such chairman withdrew from the Bank of Thomasville, the legal depository of Thomas County, where it was earning 3-½ per cent. per annum, $11,000 of the county funds, and deposited the same in his said bank at four per cent. interest per annum.

1. Were the above subparagraphs of paragraph 13 of the defendant's answer, setting out the above facts, subject to the special demurrer of the plaintiff thereto? The defendant in his public circular was criticising the acts of the plaintiff as a public officer of his county. The truth of the charges made·by the defendant against the plaintiff in this document could be proved in justification of the libel. Civil Code (1910), § 4435. Public office is a public trust. The holder of such an office can not use it directly or indirectly for his personal profit. The defendant charged the plaintiff with a disregard of this wholesome principle, and, in effect, with using his official position for the purpose of feathering his own nest. It was competent for the defendant to allege and prove the truth of this charge. He could allege directly that the charge was true, or he could allege facts which showed that the charge was true. The facts set out in these subparagraphs of paragraph 13 of the defendant's answer tended to establish the truth of this charge. If the chairman of a board of county commissioners takes funds of a county from a bank in which they are earning a higher rate of interest per annum, and places them in a bank of which he is a stockholder and director, under an agreement by which his bank pays to the county a lesser rate of interest, he thus indirectly makes a personal profit out of the funds of his county, and might, other things being equal, violate his duty as a public official. So if such officer takes county funds from a bank which is a legal depository thereof, and where they are protected by the bond of such depository (Acts 1917, p. 199; 8 Park's Code, 1922 Suppl. §§ 5178(a), 5178(b)), and puts them in a bank of which he is a stockholder and director, and which is not such a depository, he violates his duty as such public functionary, although his county makes a gain by his conduct in this matter. So when a citizen and taxpayer of the county charges him with disregarding the maxim of the law that public office is a public trust, and with using his office indirectly for his personal profit, and he sues such citizen for libel on the ground that said charge is false, the latter can plead and prove the above facts in justification or mitigation of the alleged libel.

2. Comments upon the acts of a public officer are privileged. Civil Code (1910), § 4436. But such privilege is not absolute. It is conditional. If used as a cloak for venting private malice, and

not bona fide in promotion of the object for which the privilege is granted, the party defamed has a cause of action. Civil Code (1910), § 4437. If the defendant's charge that the plaintiff seemed not to be guided by the principle that public office was a public trust was true, or if it was made in good faith and without malice by the defendant to protect his interest as taxpayer, then the plaintiff could not recover. *Pearce* v. *Brower,* 72 *Ga.* 243; *Augusta News* v. *Radford,* 91 *Ga.* 494, 499 (17 S. E. 612, 20 L. R. A. 533, 44 Am. St. R. 53). These were questions for the jury. "Where an occasion is pleaded as privileged, all facts calculated to throw light upon the true character of the occasion are admissible in evidence." *Jones* v. *Forehand,* 89 *Ga.* 520 (2) (16 S. E. 262, 32 Am. St. R. 81). The facts alleged in these subparagraphs of this paragraph were admissible on these issues. The facts pleaded to establish the truth of the charge, or to establish the privilege claimed, or to mitigate damages, need not be the same as those stated in the libel. This is especially true where the charge is of a general character. Whether the facts were sufficient to justify, mitigate, or to render privileged, either absolutely or conditionally, the publication of the writing which the plaintiff contends was libelous, were questions for the jury. So we are of the opinion that the Court of Appeals erred in holding that the plaintiff's demurrer to these subparagraphs of this paragraph of the defendant's answer should have been sustained by the trial judge.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*