(125 So. 393)

**W. T. GRANT CO. v. SMITH. (1 Div. 564.)**

Supreme Court of Alabama. Nov. 29, 1929.

Rehearing Denied Jan. 16, 1930.

Outlaw & Kilborn, of Mobile, for appellant.

380

· Gordon, Edington & Leigh, of Mobile, for appellee.

ANDERSON, C. J. ■ Count 2, the only one which went to the jury, does not state whether the defendant was a firm, corporation, or individual, and whether or not it was subject to an appropriate demurrer for this reason matters not, as this point is not presented. The argument against the same is that it is defective upon the assumption that it is a corporation. There is nothing in the complaint to show that the defendant was a corporation, and the only thing to indicate such a fact is the motion of the defendant and the ruling upon said motion. In dealing with the demurrer to the complaint, it, and not subsequent recitals in other parts of the record, must be considered.

■ It is next insisted that the words and acts set forth in the count do not support the meaning as set forth in the innuendo, that the count does not charge words and acts per se actionable, and is not supported by a claim of special damages. We think that the plain and ordinary meaning of the words and conduct of the agent, Wilson, in connection with the facts detailed, in effect charged the plaintiff, an employee of the defendant, with such a conversion of its money as would amount to larceny or embezzlement, and that the same supports the conclusion drawn by the innuendo. The trial court did not err in overruling the defendant's demurrer to count 2 of the complaint.

■■ We cannot say that the trial court erred in the refusal of the general charge for defendant, though the plaintiff's own evidence did not fully meet every averment of the complaint, or upon the idea that the accusation or charge was privileged, as this matter should have been specially pleaded as a bar to a recovery. Ferdon v. Dickens, 161 Ala. 181, 49 So. 888.

We think, however, the trial court should have granted the motion for a new trial, both because the verdict was contrary to the great weight of the evidence and that it was excessive.

■ Wilson and Miss Steadman, the only other parties to the transaction, absolutely negative such a charge as made in the complaint, and the plaintiff herself failed to prove, except inferentially, the charge, and failed absolutely as to some of the averments. For instance, the count charges that "Wilson failed and refused to look in the cash register"; yet she said that Wilson said: " 'I want that money,' and I said, 'Mr. Wilson, how can I give you the money if it is in the cash register,' and he said, 'We will see,' and he told Miss Steadman to get the readings of the cash register and while she was gone he counted the money. He was at the register, and the money was in the register, where I told him it was.' " This contradicts the charge that Wilson failed or refused to look in the cash drawer to find the money.

■ Moreover, we think the verdict was excessive, as the acts and words of Wilson as testified to by the plaintiff were in a sense a qualified privileged communication or act, as no one was aware of same except Wilson, the plaintiff, and Miss Steadman, and it was no doubt the duty of each to communicate with the other as to the acts and conduct of the employees. Wilson was manager of the store, and Miss Steadman was "floor lady at that time, and had charge of the girls." Smith v. Agee, 178 Ala. 627, 59 So. 647, Ann. Cas. 1915B, 129; Kenney v. Gurley, 208 Ala. 623, 95 So. 34, 26 A. L. R. 813. Nor does the complaint charge malice on the part of Wilson, and the proof does not afford a reasonable inference or implication of same.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.