## 32802. CITY OF ALBANY *v.* MITCHELL.

DECIDED APRIL 14, 1950.

*Adie N. Durden, H. S. Raines,* for plaintiff in error.
*George L. Sabados,* contra.

WORRILL, J. ■ Counsel for the plaintiff in error state in their brief that only three main issues are involved in this case, and for convenience the case will be discussed on the basis of this assumption, for we believe that a solution of these three issues will solve the real questions raised by the pleadings and the exceptions to the rulings thereon. The first issue, as stated, is, "Did Mitchell waive his right to a trial before the Board of City Commissioners? The defendant in error counters this statement of the issue with the contention that he could not waive the rights guaranteed him by the charter of the City of Albany which provides, in conjunction with certain enabling ordinances of the city, a procedure to be followed in the discharge of employees of the class of which the plaintiff is a member, their contention being that if the plaintiff could waive any such provisions of the law he could only do so after formal specifications of charges against him had been filed with the city clerk, and in

this connection they cite *City Council of Augusta* v. *Bowers*, 54 *Ga. App.* 115 (187 S. E. 264).

We think that under the facts of this case the defendant was entitled to plead a waiver by the plaintiff of. the rights granted him by the charter of the City of Albany, and by the ordinances of the city and that the city was entitled to have such question considered and passed upon by a jury. "Laws made for the preservation of public order or good morals cannot be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Code, § 102-106. " 'Waiver is a voluntary relinquishment of some known right, benefit or advantage, which except for such waiver, the party otherwise would have enjoyed.' " *Kennedy* v. *Manry*, 6 *Ga. App.* 816, 819 (66 S. E. 29), and citations; *Gray Lumber Co.* v. *Harris*, 8 *Ga. App.* 70, 76 (68 S. E. 749); *Mutual Life Ins. Co.* v. *Durden*, 9 *Ga. App.* 797 (1) (72 S. E. 295); *Plumer* v. *Continental Casualty Co.*, 12 *Ga. App.* 594 (77 S. E. 917). The question of whether one has waived a right upon which he relies is a matter of fact to be determined by a jury or the trior of the facts upon all the evidence.

That such rights. as are asserted here by the plaintiff may be waived is, we think, shown by the case of *Barfield* v. *Atlanta*, 53 *Ga. App.* 862 (187 S. E. 407), where it appeared that the plaintiff suing the city for a portion of his wages which had been withheld prior to his leaving the employ of the city, had signed an agreement to accept as a monthly salary a sum less than that provided by an ordinance fixing the salaries of firemen, and accepted pay for a period of several months thereafter signing a statement each month that "any deductions from the full amount due are made in accordance with the payee's written request," and it was held that the written acknowledgment by the plaintiff that his pay checks were in full settlement of the salary due him, and that the statement above quoted constituted a waiver, and the court concluded that this ruling was more particularly applicable because of § 102-106 of the Code (quoted above), and that the agreement which the plaintiff signed was not adverse to the public interest, or in violation of public policy. And again, in *Burney* v. *Boston*, 24 *Ga. App.* 7 (7) (100 S. E. 28),

a suit by an official of the town of Boston claiming that he had been illegally removed from office, we find a clear acknowledgment of the power of one who has thus been removed from office, to waive formal or procedural requisites so far as such removal goes, in the following language: "In such a case [one involving an action taken by the governing authorities of a city to suspend or discharge an official] the official who by virtue of the exercise of the ministerial powers of the governing authorities has thus been summarily suspended or discharged, not being concluded, is authorized in this State, *unless such right has been waived,* to bring his suit against the municipality for his wages or salary, without first having been reinstated." (Italics ours.)

In *Johnson* v. *Johnson,* 52 *Ga.* 450, the court said, "We do not mean to say that a man can, by agreement, agree to any other service of a writ than that required by law. But we do say that if he does so, and others act on the agreement so that they will be damaged if it be repudiated, the party making the agreement cannot deny its legal effect. Here, if the sheriff tells the truth, the defendant deliberately misled him, and it is asked that a court shall aid that defendant to make his fraud effective. If this defense is successful, the sheriff will be liable for a false return, and that because he trusted and acted upon the plain, deliberate, and well understood, consent of the defendant to accept the service as complete. It does not meet the issue to say that the service is not such as is required by law. It is often the case that men act so as that they cannot insist on the rules of law. The law requires title to land to be passed only by writing, and yet if one, by his act or words, induce another to buy his land as the land of a third person, it will be vain for him to plead that he did not put his pen to paper. A man shall not take advantage of his own wrong. The courts will not permit themselves to be the means of perpetrating a fraud. If this sheriff tells the truth, the act of the defendant, in insisting on a service in terms of the law, is a shameful breach of his own word, upon which the sheriff has in good faith acted, and it would be a gross wrong to the sheriff to permit its consummation." We think that these rules of law are controlling in principle, as to the first question raised by the statement of the issues, and that it was a question for the jury to say whether the

414

plaintiff had waived his right to a formal trial before the Board of City Commissioners, and that under these principles of law the trial judge erred in sustaining the demurrers and in striking those portions of the defendant's answer which plead facts tending to show that the plaintiff had waived such rights as might have been guaranteed to him by statute or by a city ordinance.

The case of *City Council of Augusta* v. *Bowers*, 54 *Ga. App.* 115 (2), 116, 117 (187 S. E. 264), relied on by the defendant in error, is distinguishable upon its facts from the case at bar. In that case the employee was informed that he was discharged, he left his job, said nothing and did nothing about it until he brought his action for his wages. In the instant case the allegations of the answer showed that the plaintiff was expressly advised when he was handed the letter discharging him, of his rights respecting a hearing, and that he stated that he didn't want a hearing and that he quit, resigned and turned in his uniform. We think that the defendant was entitled to submit evidence of these facts to the jury and to have the jury pass upon the question of waiver. Furthermore, we think that the allegations of the answer respecting the plaintiff's application for "reinstatement" also tended to show a waiver of the formal prerequisites of his discharge. If the plaintiff applied for "re-instatement," did this not indicate that he recognized that he had in fact been discharged? All of these allegations tending to show a waiver by the plaintiff were matters properly pleadable by the defendant and the trial court erred in striking on demurrer paragraphs 4, 6, 8 and 11 of the answer.

■ The next issue raised by the case, as stated by counsel for the plaintiff in error is, "Is Mitchell barred by reason of laches or is he estopped?" As to the question of estoppel, we think that the ruling in the first division above answers this contention. As to laches, this was an action at law for wages allegedly due the plaintiff. It is well established in this State that the equitable doctrine of stale demands is not applicable to suits at law. *Louther* v. *Tift*, 20 *Ga. App.* 309 (2) (93 S. E. 70); *Wood* v. *City Board of Plumbing Examiners*, 192 *Ga.* 415 (15 S. E. 2d, 486); *Fletcher* v. *Gillespie*, 201 *Ga.* 377 (2), 385 (40 S. E. 2d, 45). For this reason the trial court did not err

in sustaining the demurrer to paragraph 12 of the answer and in striking that paragraph.

■ The third issue raised by the record, as contended by the plaintiff in error is, "Did the plaintiff resign?" Much of what was said in the first division concerning the first issue seems to be applicable to this question, and as there the real question raised by the record, is not "Did the plaintiff resign?" but is, "Will the defendant be permitted to plead as a defense to the plaintiff's action that the plaintiff resigned?" We think that this defense was available to the defendant, and that the trial court erred in striking the portions of the answer relating to this plea. No authority directly in point and contra this view has been cited by the plaintiff's counsel. The defendant in error contends, however, that the chief of the fire department was not the proper person "to resign to." We cannot unqualifiedly accept this statement. If the plaintiff in fact quit or abandoned his job it seems logically demonstrable to us that it makes no difference whether he in fact formally resigned to any particular person. The important thing is did he in fact resign, quit or abandon his job. Would the courts be so foolish as to say that an employee could walk off his job, say nothing to anyone concerning resigning, stay away for eight months, and then return to his employer and demand his salary for the interim and maintain that because he had not formally resigned to the proper authority, authorized by law to receive resignations, that he would be entitled to his wages for the time he was away from his job. We think that the answer is obviously, "No." Does it make any difference, in such a case then, that the plaintiff said to someone, who, he now claims, was not competent to receive his resignation, that, "I quit"? Is he in any better position than the first person supposed? We think not. If the plaintiff did in fact abandon or quit his job, no matter what the circumstances, it seems to us inequitable to say that the defendant cannot now, in this suit by the plaintiff for his wages, alleged to have accrued since he left the defendant's employment, plead and introduce evidence of the true facts. For these reasons, we hold that the trial court erred in sustaining the demurrers to paragraph 10 of the answer as amended, which alleged that the plaintiff had resigned, and in striking such paragraph as amended.

■ In view of what is said in divisions one and three of this opinion, all that occurred on the trial of the case after the court's ruling on the demurrers to the answer was nugatory, and no ruling is made as to the exception to, the overruling of the motion for new trial.

■ The defendant in error argues that the defendant's answer contains admissions which conflict with the denials and affirmative facts pleaded therein. Considering the answer as a whole, and in its proper light, we do not think that this conclusion necessarily follows. "No part of an answer shall be stricken out or rejected on account of being contradictory to another part of the same, but the court shall suffer the whole answer to remain, if the defendant should desire it, and avail himself of any advantage he can or may have under either or the whole of said answer, and proceed to trial accordingly." Code, § 81-310. *Rigden* v. *Jordan & Stewart*, 81 *Ga.* 668 (2), 671 (7 S. E. 857); *Jones* v. *Forehand*, 89 *Ga.* 520 (1), 522 ( 16 S. E. 262);*Wade* v. *Watson*, 129 *Ga.* 614 (2), 618 (59 S. E. 294); *Mendel* v. *Miller & Sons*, 134 *Ga.* 610 (2) (68 S. E. 430); *Hadden* v. *Fuqua*, 194 *Ga.* 621, 633 (22 S. E. 2d, 377); *Associated Mutuals Inc.* v. *Pope Lumber Co.*, 200 *Ga.* 487, 490 (37 S. E. 2d, 393); *Watkins Co.* v. *Ellington*, 70 *Ga. App.* 722, 728 (29 S. E. 2d, 300). As we interpret the answer, the defendant pleaded first that if it had discharged the plaintiff, he had, by his subsequent conduct, waived any rights he might have had with regard to procedural formalities in the matter, and secondly, that they did not discharge him, but that he resigned or quit when he learned of the charges against him, and thus refused to have a hearing regarding these charges. The mere fact that these defenses were inconsistent was not, under the authorities cited, sufficient grounds, in itself, for striking these portions of the plea.

The court therefore erred in sustaining the demurrers to the answer and in striking those portions of the answer relating to waiver and resignation, and all that transpired thereafter was nugatory.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*