38516.   LANE *et al.* v. STATE HIGHWAY DEPARTMENT.

DECIDED NOVEMBER 17, 1960.

*Maxwell A. Hines, Bob Reinhardt,* for plaintiffs in error.

*Eugene Cook, Attorney-General, Carter Goode, Paul Miller, Assistant Attorneys-General, J. Willis Conger,* contra.

FRANKUM, Judge. Where it appears that an order setting a hearing on a motion for a new trial provides that the movants have until the hearing, whenever it may be; to prepare and present for approval a brief of the evidence, and where it appears that five appropriate orders of continuance were granted with each order preserving the rights of the parties contained under the motion, the movants have a right to present and tender a brief of the evidence and an amendment to the motion, on the last date set for a hearing thereon, without having their motion dismissed for the reason of laches. Each order of continuance shows that, on satisfactory cause shown to the court, and by consent of counsel for the respective parties, a continuance was granted. It affirmatively appears from the record that the condemnor obtained the last order of continuance. It cannot be said that the movants were guilty of laches for failing to tender, for approval, a brief of evidence to the trial judge *before* the time specified for such by the court. Particularly is this true when it affirmatively appears by the recital of facts in the bill of exceptions, certified as true by the trial judge and as shown

704

by the record, that the movants did tender a brief of the evidence and present an amendment to the motion for a new trial on the date specified for hearing the motion, which were approved and allowed on the same date the court dismissed the motion only upon the specified ground of laches. The equitable doctrine of laches is not applicable for a purely legal right and is not applicable to the facts of this case. See *Hadaway v. Hadaway,* 192 Ga. 265 (14 S. E. 2d 874) ; *Steele v. City of Waycross,* 190 Ga. 816 (10 S. E. 2d 867) ; *City of Albany v. Mitchell,* 81 Ga. App. 408 (59 S. E. 2d 37). Even if the doctrine of laches could be used as a method or a means of dismissal of the plaintiffs' motion, it would be inequitable to apply it to the facts and circumstances as disclosed by the record of this case, because it appears without dispute that the attorneys for the condemnor not only consented to all the orders of continuance, but, by their own motion, actually obtained the last order continuing the hearing to the very date on which the motion was dismissed for laches. The erroneous "dismissal of the motion before it was perfected precluded a judicial consideration of the completed motion and deprived the movant of the exercise of a judicial discretion to which he was entitled." *Wallace v. State,* 17 Ga. App. 434 (87 S. E. 681).

*Judgment reversed. Townsend, P. J., and Carlisle, J., concur. Jordan, J., not participating.*