**WOODS et ux. v. HAEFER et al.**

No. 11330.

Court of Civil Appeals of Texas. Dallas.

Sept. 23, 1933.

Rehearing Denied Oct. 28, 1933.

W. H. Reid, Jno. A. Erhard, and S. P. Sadler, all of Dallas, for plaintiffs in error.

Cantey, Hanger & McMahon, of Fort Worth, and Geo. C. Purl, Alex Pope, and Harry P. Lawther, all of Dallas, for defendants in error.

JONES, Chief Justice.

Plaintiffs in error, John W. Woods and wife, Helen S. Woods, styled plaintiffs, instituted this suit in a district court of Dallas county against defendants in error, Mrs. Mittie B. Haefer and husband, H. W. Haefer, Mrs. Della Beard and husband, J. L. Beard, Mrs. Atticus Webb and husband, Atticus Webb, Mrs. M. Jamieson and husband, J. E. Jamieson, Miss Lillian Hannah, a feme sole, and Mrs. Lula Tubb, a widow, styled defendants, charging the utterance by defendants of slanderous statements, against plaintiffs in the furtherance of a preconceived conspiracy to defame the characters of plaintiffs, to injure the professional business of John W. Woods, as an attorney, and to injure their moral and social standing. In a second count, plaintiffs seek to recover damages from each defendant for the indi-

vidual utterance of the same alleged slanders against plaintiffs, because of such individual wrongful act.

Neither of the husbands of the four married defendants is charged with any wrongful act, either as a conspirator, or as concerned in the alleged utterance of any of the slanderous statements charged, and the term "defendants" will refer to the women defendants against whom all of the charges are made. Plaintiffs' petition is drawn with a great deal of care, and alleges in its first count a cause of action against defendants, because of the alleged utterance by each of them, of three statements, each alleged to be set out in hæc verba, and each utterance alleged to have been made for the purpose of carrying out the conspiracy and formed design to injure plaintiffs by circulating the alleged slanders. The three statements alleged to have been circulated, for said purpose, are slanderous in their nature and, if uttered by defendants, would permit but one defense, viz., that the statements so uttered are true. This defense, however, was not urged by defendants, who apparently admitted each of the alleged statements to have no basis in fact. The defense urged to this first count in the petition was a denial, both of the forming of such conspiracy, and of the utterance by any of the defendants of any of the alleged slanderous statements.

The second count in the petition reasserts the cause of action alleged in the first count, but, in addition thereto, seeks to hold each individual defendant accountable in damages for an alleged individual utterance of each of the slanderous statements, and alleges a cause of action in this respect against each of the defendants. It therefore appears that the petition alleges a joint cause of action for slander against defendants, committed in furtherance of a conspiracy to defame and injure plaintiffs by the utterance of three alleged statements, each of which is slanderous per se; and alleges a separate and distinct cause of action against each defendant because of the alleged utterance of the slanderous statements, on the individual responsibility of each defendant.

The defendants filed a verified plea in abatement, because of misjoinder of parties defendant, on the ground that no conspiracy was formed by defendant, and that, in the absence of such conspiracy, two or more persons could not be joined in a suit for slander, even if the same slander be uttered in identical language by each person. Plaintiffs immediately filed a motion to strike out the plea in abatement, because filed more than a year after the filing of the original petition, and therefore is waived. The court overruled the motion to strike out and withheld a ruling on the plea in abatement until after the trial of the case on its merits. After the return of the verdict by the jury, finding

that no conspiracy existed between the defendants, or any two or more of them, for the purpose of injuring plaintiffs by uttering slanderous statements against them, the court sustained the plea in abatement and entered judgment against plaintiffs on this ruling and the verdict of the jury.

The case was submitted to the jury on special issues, such issues only comprehending the cause of action alleged in the first count of plaintiffs' petition, to wit, the charge of conspiracy to circulate the alleged slanders, and the carrying out of such conspiracy by the utterance of the slanderous statements alleged. The evidence was in conflict both as to the forming of the conspiracy and as to the commission of the overt act of uttering the alleged slanders for the purpose of carrying out the conspiracy. The finding of the jury on such conflicting evidence is binding on this court, and we find that neither defendants, nor any two or more of them, formed a conspiracy for the alleged purpose, nor uttered the alleged slanderous statements, or any one of them, in furtherance of such a conspiracy.

The trial court refused each special requested instruction, submitting to the jury the utterance of the alleged slanderous statements, or any one of them, on the individual responsibility of each defendant, except Mrs. Lula Tubb, against whom no such issue was requested. As the evidence, though conflicting, raised the requested issues, we assume that the trial court held that defendants' plea of misjoinder of parties was fatal to this cause of action, alleged in the second count of plaintiffs' petition, and made the basis for the requested submission of said issues. The court also overruled plaintiffs' exceptions to the main charge, for the failure to include such issues.

We do not deem it necessary specifically to set out the three alleged slanderous statements, nor do we deem it necessary to make an extended statement of the evidence, pro and con, heard at the trial.

The plea in abatement was seasonably filed, though the original petition and the first amended petition had been filed several months previous to the filing of the plea in abatement. As contended by plaintiffs, a plea of misjoinder of parties should be filed in limine, and if not so filed, ordinarily is considered waived. We are moved to make the holding in reference to this plea, for the reason that a general demurrer was sustained by the trial court to the first amended original petition, of which ruling plaintiffs do not complain, but filed a second amended petition upon which the case was tried. The record also shows that, on the same day of the filing of the second amended petition, the plea in abatement, because of misjoinder of parties defendant, was pre-

sented to the court. Defendants were not required to file such a plea against a cause of action which was subject to a general demurrer.

█ █ The primary question for decision is: Did the court err in refusing to submit to the jury special requested issues against each defendant (except Mrs. Tubb) as to whether such defendant was individually guilty of uttering any one of the slanderous statements; or, in other words, could the second count in the petition, alleging the individual and personal acts of slander by two or more persons, be joined in a separate count in a suit whose first count alleged that the same persons had formed a conspiracy to utter slanderous statements, and had uttered such slanderous statements in furtherance of such conspiracy?

Apparently, the authorities on this question are uniform, and we announce, as settled law, the rule that a joint action cannot be maintained against two or more persons for slander, unless the slanders uttered be in furtherance of a conspiracy or an agreement between the parties, or uttered by one person at the instigation of another. Parr v. Thompson et al., 45 Tex. Civ. App. 337, 100 S. W. 792, 793; Newell on Slander and Libel (3d Ed.) § 487; Ira J. McGee v. Joseph Collins et al., 156 La. 291, 100 So. 430, 34 A. L. R. 336, and authorities cited in the annotations to such opinion, beginning on page 345; 37 C. J. p. 19, § 322; 17 R. C. L. 379, § 130; Smith Bros. & Co. et al. v. W. C. Agee & Co. et al., 178 Ala. 627, 59 So. 647, Ann. Cas. 1915B, page 129; Yocum v. Husted, 185 Iowa, 119, 167 N. W. 663, 665.

The case of Yocum v. Husted, supra, after holding that libel may be the joint act of two or more persons, without regard to a conspiracy or agreement, and that such persons may be jointly sued as defendants, declares that such rule, as to libel, "is not true of slander." This decision also declares that: "When several say the same slanderous words of the same person, it is in the very nature of things an individual offense and never a joint act. No joint liability arises unless there is a conspiracy to slander. Hence slander is an exception; and if there be a suit for conspiracy to slander, the case is at an end if there be no evidence of conspiracy, even though there be evidence that the defendants as individuals did slander."

The same rule of law is announced in this state in the case of Parr v. Thompson et al., supra, as follows: "The general rule is well established that a joint action against two or more persons for slander cannot be maintained, and this rule has been carried so far as to hold that, even if husband and wife utter similar words simultaneously, there are at common law two separate publica-

tions, and an action must be brought against the husband alone for what he said, and against both husband and wife for her words."

Newell on Slander and Libel, supra, 37 C. J., supra, and 17 R. C. L., supra, make the same announcement of the rule as to slander. The cases cited by plaintiffs are cases of libel and cases of the commission of tort, other than slander, and do not apply to this case. The authorities above cited hold that slander is an exception to the rule announced in the character of cases cited by plaintiffs. Under the authorities above cited, we are of opinion that, under the facts of this case, the trial court did not err in sustaining the plea of misjoinder, and did not err in refusing to submit to the jury the special requested issues above referred to.

We do not believe that plaintiffs' assignments, raising the question of the erroneous admission of certain evidence, over the objection of plaintiffs, show reversible error. None of this evidence was offered or admitted on the issue of the existence of a conspiracy among the defendants, but was offered and admitted on the issues as to the individual liability of certain defendants, on the second count in plaintiffs' petition, which cause of action was not submitted to the jury. We do not believe the evidence, if inadmissible, could have prejudiced the issues submitted by the court under the allegations in the first count in plaintiffs' petition, and hence overrule these assignments.

Finding no reversible error, it is the opinion of this court that this cause should be affirmed, and it is so ordered.

Affirmed.