## CANADIAN MILL & ELEVATOR CO. v. KING.
### No. 4601.

Court of Civil Appeals of Texas. Texarkana.
Jan. 17, 1935.

J. H. Benefield, of Jefferson, for plaintiff in error.

Ed Rabb, of Atlanta, and Ben A. Harper, of Tyler, for defendant in error.

JOHNSON, Chief Justice.

Plaintiff in error, Canadian Mill & Elevator Company, plaintiff in the trial court, sued E. W. King, doing business under the name of Atlanta Grocer Company, for damages alleged to have been sustained by plaintiff as the result of defendant's breach in failure and refusal to furnish shipping instructions on three contracts of purchases of flour. It was alleged by plaintiff that the market value of the unshipped balance of the flour purchased by defendant in said order contracts, and for which defendant failed and refused to furnish shipping instructions, on account of decline in market price, was of a market value less, in the total sum of $1,622.90, at the time of defendant's said breach of the contracts than the price he contracted to pay by the orders.

In so far as is necessary to mention, defendant answered by general denial and specially denied that the market price of flour was less than the contract price on the respective dates of the alleged breach, and specially pleaded that the market price on the respective dates of the alleged breach was more than the contract price.

Trial was had to a jury. In response to special issues the jury found that the defendant failed and refused to furnish the shipping instructions, constituting breach of the contracts; but the jury further found that plaintiff could have at the time of breach sold the flour at a higher price than that specified in the contracts; and that plaintiff suffered no loss by defendant's breach. The jury made other findings, which, by reason of the above findings, are not material to mention.

From a judgment entered against plaintiff and in favor of the defendant, plaintiff has properly prosecuted writ of error to this court.

Plaintiff in its brief has presented three assignments of error, two of which complain of the action of the trial court: "In not sustaining the objection of plaintiff to any and all testimony offered by the defendant with reference to any custom and usage and understanding of millers, manufacturers, and wholesalers that such contracts as the plaintiff declared on in this suit did not obligate the buyer to accept more of the commodity than could be used by him. * * *"

Defendant has challenged the sufficiency of these assignments, in that neither of the assignments of error nor the propositions or statements made thereunder set out or identify the particular testimony complained of, nor does the plaintiff's brief anywhere make reference to the record where the testimony, objections, or rulings of the court may be found. The rule is that "the particular evidence claimed to have been improperly admitted must be identified, it being insufficient merely to describe it as evidence of a particular character, or relating to a particular matter." 3 T. J. § 328, pp. 464, 465, and authorities there cited. However, in passing the point, it is observed that improper admission of testimony of the character complained of would not authorize a reversal of the judgment in this case, since the jury found in favor of plaintiff and against the defendant on the question of breach of the contracts, and which was the only ultimate question concerning which evidence of the character complained of could have had any bearing, and could not have affected the jury on the controlling issue as to the market price of the flour at time of breach of the contracts.

Plaintiff's third assignment of error complains of the findings of the jury as not being supported by the evidence. On the issue of damages, which was the only material issue with reference to which the jury found the facts against the plaintiff, plaintiff's witness testified that on the dates of the alleged breach of the three contracts the market value of the flour was less than the price contracted to be paid for it by Mr. King. The defendant testified to the contrary, that the market value of the flour on such dates was greater, and that the plaintiff could have sold the flour in the open market on the dates of the alleged breach at a price in excess of the prices contracted to be paid by Mr. King. On this conflicting evidence the findings of the jury determining the facts are binding on this court. Woods v. Hafer (Tex. Civ. App.) 63 S.W.(2d) 891; De Grazier v. Craddock (Tex. Civ. App.) 63 S.W.(2d) 866; Hines v. Chaddick (Tex. Civ. App.) 63 S.W. (2d) 263.

Since the jury determined the fact that plaintiff suffered no damages by reason of

defendant's breach of the contracts, the evidence, as well as the findings of the jury, with respect to the customs and understandings in regard to such contracts between the millers, manufacturers, and wholesalers, became immaterial.

The judgment of the trial court will be affirmed.