STANSBERRY *v.* McKENZIE *et al.*

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

J. R. KETRON and G. HOWARD NEVILS, both of Tazewell, for plaintiff in error,

DONALDSON, MONTGOMERY & KENNERLY, of Knoxville, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The question for our decision in this case is: Can a plaintiff sue two or more defendants for slander when he alleges in his declaration that "the said accusations were made by the defendants in the presence of each other, by common design or previously formed conspiracy and jointly, each aiding and abetting the other in such false and slanderous accusations"?

The declaration of the plaintiff was demurred to because of the misjoinder of parties, that is, two parties were made defendants to an action for slander. The

trial judge sustained the demurrer and dismissed the suit.

■ The general rule is that an action may not be maintained against two persons jointly for uttering and publishing slanderous words where the declaration charges distinct causes of action against the several defendants. Annotation 34 A. L. R. 345 and cases there cited. See also 53 C. J. S., Libel and Slander, Subsection b, of Section 159, page 243, and authorities there cited. The question has never been determined in this State one way or the other insofar as we can find or as able counsel was able to find. The basis of this view is the fact that the words of one person cannot be regarded as the words of another. It is also reasoned in some of the authorities that the same words spoken by one may occasion greater injury than those spoken by another, and that each should be responsible only for the injury inflicted by his own independent act.

When there ''exists a common agreement or conspiracy between'' two or more parties to injure a party by the utterance or publication of slanderous statements then the parties who thus agree or conspire are jointly liable. *Schoedler* v. *Motometer Gauge & Equipment Corp.*, 134 Ohio St. 78, 15 N. E. (2d) 958; *Woods* v. *Haefer*, Tex. Civ. App., 63 S. W. (2d) 891, 893. When slanderous words are uttered pursuant to a conspiracy which includes among its purposes the slander of another, each person conspiring to issue such words is the spokesman for all. 11 Am. Jur., 584, 585, Sec. 54.

■■ The rule and the exception above noted seem to us sound. This naturally and necessarily brings us to a consideration of the averments of the declaration in the instant case. Under these averments, do they suf-

ficiently set forth a statement wherein this case is taken out of the general rule and placed in the exception above noted? The allegation of the declaration is that this slander was uttered "by common design or previously formed conspiracy, and jointly, each aiding and abetting the other in such false and slanderous accusations". The use of the term "by common design or previously formed conspiracy", though separated by the disjunctive or, seems to us to mean the same thing, that is, the pleader had in mind that in either instance there was a preconceived plan mutually agreed upon by the parties to commit this slander. The words "Common design" certainly mean that there was a mutual purpose on the part of the defendants to slander the plaintiff. If there was such a mutual intention on their part to so do this, to us, it, in effect amounts to exactly the same thing as saying that they had conspired to do so. For conspiracy within itself means that two or more people have mutually agreed to do an act. To say that two or more people do a thing by "common design" is in itself the essence of the charge of conspiracy. This common design or unlawful purpose or conspiracy must be proved in order to warrant the successful maintenance of the suit by the plaintiff. In either instance, that is, the charge of a conspiracy or a common design, the burden is on the plaintiff to establish this common design between the defendants before there can be a successful determination on behalf of the plaintiff in the suit.

For the reasons thus stated we have concluded that the trial judge erred in sustaining the demurrer. The result is, therefore, that the judgment below will be reversed and the cause remanded for further proceedings consistent with this opinion. The costs of this

appeal will be taxed against the defendants in error while the costs of the cause below will await the outcome there.

All concur.