20365.   CARTER *v.* HAYES, Solicitor-General.

Wyatt, Presiding Justice.   Dewey Hayes, Solicitor-General of the Waycross Judicial Circuit, brought this suit against Odell Carter, doing business as Pine Lodge, to enjoin the said Carter from operating a business which it is charged constituted a public nuisance, and to padlock said place of business. The petition was based upon information furnished the solicitor-general by named relators. To this petition the defendant filed numerous demurrers, both general and special, all of which were overruled. A preliminary hearing was had before the Judge of the Superior Court of Bacon County, and a temporary injunction was granted enjoining the further operation of the business, and an order was entered ordering the sheriff to close the place of business pending the final hearing. The defendant excepted to this order and to the judgment overruling his demurrers, and assigns the same as error. *Held:*

1. Since there is no brief of evidence in this record, we can not consider any assignment of error which requires reference to the evidence adduced upon the hearing on the temporary injunction.

2. The only remaining questions in this case are those with reference to the rulings on the various demurrers filed by the defendant. The first ground of demurrer which will be considered here attacks the sufficiency of the verification of the petition. The petition was verified by affidavit of the solicitor-general, who in the affidavit affirmed on oath "that the foregoing facts are true to the best of his knowledge and belief." Code § 81-110 provides: "Petitions for a restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs." In the instant case, there were no "other satisfactory proofs," but the solicitor-general relied only on the above affidavit. A verification of a petition by a person to the effect "that the allegations contained therein are true and correct to the best of his information and belief" is not a positive verification as contemplated by Code § 81-110. *Byrd* v. *Prudential Insurance Co.*, 182 *Ga.* 800 (187 S. E. 1). See also *Grizzel* v. *Grizzel*, 188 *Ga.* 418, 422 (3 S. E. 2d 649), and *Kilgore* v. *Paschall*, 202 *Ga.* 416 (43 S. E. 2d 520). It therefore follows that the petition in the instant case was not positively verified as required by Code § 81-110, and the demurrer of the defendant raising the question should have been sustained.

3. The other grounds of the demurrers have been carefully considered and found to be without merit.

4. For reasons stated in division 1 of this opinion, the judgment of the court below was error and must be

*Reversed. All the Justices concur.*

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*R. E. Lawson,* for plaintiff in error.

*Dewey Hayes, Solicitor-General,* contra.

