22895. MULCAY v. AUGUSTA FIRE DEPARTMENT CREDIT UNION, by JACKSON, Superintendent of Banks.

CANDLER, Justice. The Augusta Fire Department Credit Union, a Georgia corporation, filed a suit in the Superior Court of Richmond County against Daniel E. Mulcay, Jr. on January 29, 1963. Its petition as amended alleges in substance: The defendant was its secretary and treasurer from 1937 until his removal on January 12, 1963. As such officer he had custody of the money and all other assets of such credit union and was also custodian of its books and records. He was authorized to make disbursements of its funds for the purpose of carrying on its business. During the period of his service as such secretary and treasurer, he wrongfully abstracted, embezzled and converted to his own use $157,092.64 of the credit union's funds. As such officer, it was his duty to make an annual report to the credit union of its financial condition and a like semi-annual report to the Superintendent of Banks of the State of Georgia. He kept inaccurate records and made false reports to the credit union and to the Superintendent of Banks respecting its financial condition. He is concealing assets of the credit union at his home in Richmond County and at other specified places. He is insolvent and is concealing certain books, record, and cash assets of the credit union. The prayers are for process, a judgment against him for the amount of the credit union's money he has embezzled and wrongfully converted to his own use, the appointment of a receiver of his property, a temporary and permanent injunction restraining and enjoining him from disposing of his property. The petition was verified by C. J. Smith, president of the credit union. The Superintendent of Banks for the State of Georgia, filed a certificate with the Clerk of the Superior Court of Richmond County on February 18, 1963, in which he gave notice that he had taken possession of the credit union's assets for the purpose of liquidation. On the filing of such certificate the petition was amended so as to have it allege that the suit was brought by "Augusta Fire Department Credit Union, by and through W. D. Trippe, as Superintendent of Banks for the State of Georgia," later succeeded by W. M. Jackson as superintendent of Banks. Following the allowance of this amendment, the defendant moved to dismiss the amended petition on the ground that petitioner had no right to further

prosecute its suits against him since the certificate filed by the Superintendent of Banks operated to vest in him sole and exclusive right to pursue any remedy or remedies the petitioner may have had before such certificate was filed. The motion was overruled and the defendant excepted to that order. The defendant demurred generally to the amended petition on the grounds that it set forth no cause of action against him, it is without equity, and it alleges no facts which would authorize the appointment of a receiver. Special demurrers were also interposed to several paragraphs of the petition as amended. All of these demurrers were overruled and the defendant excepted to that judgment. By his answer, the defendant denied that he had embezzled or converted to his own use any money or property belonging to the credit union or that he was concealing any of its assets. He denied that he was insolvent and alleged that there was no necessity for receivership. Paragraph 17 of his answer avers that if the petitioner ever had a cause of action against him, its right to prosecute it terminated when the Superintendent of Banks filed his certificate of possession for liquidation purposes in the office of the Clerk of the Superior Court of Richmond County. The petitioner demurred and moved to strike this paragraph of the defendant's answer on the ground that the Superintendent of Banks under the law of this State can, in the name of the credit union continue to prosecute a pending action such as this one. The motion to strike this paragraph of defendant's answer was sustained and the defendant excepted to that order: *Held:*

1. The petition in this case was brought against Daniel E. Mulcay, Jr. and the process attached thereto directed the Sheriff of Richmond County to perfect service on him. A deputy sheriff of that county served the defendant a copy of the petition and process personally but his entry of service shows that he served "Daniel E. Mulcay." The petitioner filed a motion to allow the deputy sheriff to amend his entry of service so as to show that he had served "Daniel E. Mulcay, Jr." This motion was granted and the deputy sheriff's entry of service was accordingly corrected by him. The defendant excepted to this order and also to an order overruling his motion to quash the amended entry of service. These assignments of error are without merit since the court may always permit an officer thereof, such as a deputy sheriff, to

amend and correct his return of service so as to make it speak the truth. *Code* § 24-2815. *Marsh v. Phillips,* 77 Ga. 436 (2).

2. The allegations of the petition in the instant case were neither verified positively nor shown to be true by other satisfactory proofs as required by *Code* § 81-110. The petitioner's president in verifying the petition swore that its allegations were true "to the best of his knowledge and belief" and it is argued in the brief of counsel for the plaintiff in error that the petition was for want of proper verification or other satisfactory proofs, fatally defective and should have been dismissed on his general demurrer. This contention is not sustainable. Failure to positively verify a petition like the present one is an amendable defect and a special demurrer specifically attacking the sufficiency of the petition for want of proper verification should have been timely interposed thereto. *Kilgore v. Paschall,* 202 Ga. 416 (43 SE2d 520); *Carter v. Hayes,* 214 Ga. 782 (2) (107 SE2d 799).

3. There is clearly no merit in the contention that the amended petition failed to state a cause of action for the relief sought. It alleges that the defendant had embezzled and wrongfully converted to his own use a.large sum of money belonging to the petitioner and that he was insolvent. A petition which states a cause of action for any of the substantial relief sought is not subject to general demurrer. *Waycross Military Assn. v. Hiers,* 209 Ga. 812 (1) (76 SE2d 486).

4. Chapter 25-1 of the Code of 1933 and the supplements thereto confer jurisdiction and power on the Superintendent of Banks of this State to regulate and supervise credit unions and to liquidate their business and property when they become insolvent. *Code Ann.* § 25-122, authorizes the Superintendent of Banks, after a hearing or an opportunity to be heard, to take possession of the business and property of an insolvent credit union and liquidate it pursuant to the banking laws of this State. *Code* § 13-808. The Superintendent of Banks may, in the name of the insolvent credit union, initiate, prosecute and defend any and all actions, suits, and legal proceedings, including suits against its officers upon any cause of action which is vested by law in such credit union. This petition which was filed by the credit union against its secretary and treasurer to recover property which he had allegedly converted to his own use could, when properly amended

as here, proceed and be maintained in the name of such credit union by and through the Superintendent of Banks who had taken possession of its business and property for liquidation purposes, and such an amendment did not add a new party plaintiff. *Code* § 13-808. *Shannon v. Mobley,* 166 Ga. 430 (1) (143 SE 582) ; *Ferris v. Union Savings Bank,* 45 Ga. App. 544 (165 SE 450).

5. There is no merit in the contention that the court erred in striking paragraph 17 of the defendant's answer. For the reason stated in Division 4 of this opinion, it set up no defense to the pending suit. The question here is not one of making a new party plaintiff, but is one of mere substitution of the Superintendent of Banks for such party. It is procedure very similar to that which provides for the substitution of a legal representative for a party to litigation who dies while such action is pending.

6. The defendant has expressly abandoned all of his special demurrers except those which call on the petitioner to allege with more particularity the time and manner in which the defendant allegedly withdrew and embezzled petitioner's money, the facts upon which the petitioner bases an apprehension that the defendant "will dispose of, dissipate and conceal his assets" if not restrained and enjoined from doing so, and in what respect and in what manner the reports which defendant filed with the credit union and the Superintendent of Banks were false and inaccurate. From the allegations of the petition as amended and a copy of an audit of the credit union which is attached to and made a part of the petition, we think the defendant was supplied with the information called for by these grounds of his special demurrer. Hence, no error results from the judgment overruling them.

*Judgment affirmed. All the Justices concur.*

Argued March 9, 1965—Decided April 8, 1965.

*Congdon & Holley, William P. Congdon,* for plaintiff in error. *McGahee & Plunkett, Jack E. McGahee,* contra.