22946.   STINCHCOMB v. HOARD, Solicitor General.

ARGUED MAY 10, 1965—DECIDED MAY 31, 1965.

*Russell & McWhorter, T. Penn McWhorter,* for plaintiff in error.

Quillian, Justice. A petition is subject to general demurrer in two instances: (1) where it is inherently insufficient to set forth the plaintiff's right to the recovery sought or the relief prayed; (2) when it reveals that there is a valid defense that may, at the defendant's election, be interposed to the cause plead, such as the statute of limitation, the bar of laches, or the statute of frauds. In the first of these instances a general demurrer may attack the petition upon the broad ground that it sets forth no cause of action. In the latter instance the demurrer must specifically point out the defense disclosed by the allegations of the petition and specify the law under which it may be urged. See *Smith v. Central of Ga. R. Co.,* 146 Ga. 59 (1) (90 SE 474); *Lee v. Holman,* 184 Ga. 694 (4) (193 SE 68); *Pittman v. Pittman,* 196 Ga. 397, 412 (6) (26 SE2d 764); *Kinney v. Kinney,* 20 Ga. App. 816 (2) (93 SE 496); *Ayers v. Taylor,* 52 Ga. App. 534 (2) (184 SE 365).

The petition in the case sub judice did not meet the requirements of the law in showing what was necessary to obtain extraordinary relief of the nature therein prayed. A petition that seeks such relief is equally deficient when it fails to allege the facts necessary to entitle the plaintiff to extraordinary equitable relief or is deficient in that it does not attach as a part thereto the required affidavit positively verifying those facts. "Petitions

for a restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs." *Code* § 81-110.

In the present case the plaintiff did offer affidavits concerning some facets of the case set out in the petition but these affidavits taken singularly or collectively were not sufficient to verify the cause plead in the petition, or to show the plaintiff's right to the equitable relief prayed. To the petition as a whole the affidavit of the solicitor recited: "to the best of his knowledge and belief the allegations contained in his petition are true." Hence, the case falls squarely within the rule pronounced in *Carter v. Hayes*, 214 Ga. 782, 783 (107 SE2d 799), that a verification of a petition by a solicitor that "the foregoing facts are true to the best of his knowledge and belief" is not a positive verification as contemplated by *Code* § 81-110. See *Kilgore v. Paschall*, 202 Ga. 416 (43 SE2d 520). Thus, the petition in the instant case was not positively verified and the defendant's demurrer should have been sustained.

*Judgment reversed. All the Justices concur.*