43520. MARTIN v. MARTIN et al.

WHITMAN, Judge. Plaintiff filed this action for damages in the City Court of Columbus against William B. Skipworth, Jr., the Solicitor General of Muscogee County, and Frank K. Martin, an assistant solicitor general of the same county, and six other defendants consisting of the police chief and members of the Columbus Safety Board.

Plaintiff alleges that he was a member of the Police Department of the City of Columbus until he was illegally suspended on March 21, 1967, and then illegally discharged on April 6, 1967; that he appealed the suspension and discharge to the Columbus Safety Board, but that a hearing thereon has been continued without reason; that plaintiff has been informed through a member of the board, the records of the board's monthly and special meetings, and by the news media of the city that his case was to be continued indefinitely at the special instance and requests of defendants Skipworth and Martin; that the Chief of Police, Clyde Adair, requested Skipworth and F. K. Martin to "instruct the grand jury of Muscogee County . . . not to investigate the Columbus Police Department" for certain improprieties, whereupon they did so instruct the grand jury; that the "accumulated acts on the part of all the defendants have interfered with and violated the constitutional rights of the plaintiff herein and have denied his right of (a) fair and impartial hearing before the safety board, (b) a speedy and fair impartial hearing before the safety board, and (c) his constitutional rights guaranteed by the Constitution of the United States and the Constitution of the State of Georgia have been violated by all of the defendants and they have wilfully interfered with and wilfully taken away from the defendant his rights as [so] guaranteed . . ."; that he has, as a result of all the defendants' acts, been placed up for public ridicule and suffered embarrassment and humiliation among his friends, neighbors and fellow employees; that he has suffered mental torment and excruciating pain; that he has been put to the expense of hiring an attorney to prosecute his appeal before the safety board and has paid said attorney $350; and that Skipworth and F. K. Martin have no power "to control or tell" the safety board "what to do," and the members of the safety board "are required not to take instructions from any person or body politic while conducting an appeal filed by a member of the Columbus Police Department."

"Wherefore, plaintiff demands judgment against all of the defendants in the amount of $1,000,000 and all costs of court in these proceedings. Plaintiff requests a jury hear this complaint."

Defendants Skipworth and Martin filed motions to dismiss the complaint for failure to state a claim upon which relief could

be granted. An order was entered granting these motions and it is from this order that the appeal was taken. *Held:*

1. The motions to dismiss the appeals are without merit.

2. All that is required in pleading under the Georgia Civil Practice Act, which is patterned after the Federal Rules of Civil Procedure, is that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Code Ann.* § 81A-108 (a) (Ga. L. 1966, pp. 609, 616, as amended). This requirement is generally regarded by the majority of courts operating under such rules as satisfied by a short and plain statement of the claim that will give the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests. 2A Moore's Federal Practice 2d, Par. 8.13, p. 1696.

3. As we understand the complaint with regard to defendants Skipworth and Martin, they are sought to be held liable to plaintiff for (1) allegedly requesting that plaintiff's appeal to the safety board be continued indefinitely, and (2) abiding an alleged request by the police chief that the grand jury be instructed not to investigate the police department, with the net result that his constitutional rights have been violated and for which acts plaintiff has suffered embarrassment, humiliation, mental torment and excruciating pain entitling him to recover damages.

There is no basis for a claim of any form of defamation within the framework of the complaint. There is no claim of negligence or fraud. A cause of action is recognized in Georgia for the intentional infliction of emotional harm, but that does not appear to be the basis of plaintiff's claim. The complaint can be construed, at best, as stating a claim for damages for the obstruction of plaintiff's legal remedies which is a valid claim in some jurisdictions. "However, there is no cause of action where no existing right has been violated, and thus merely compelling another to avail himself of his legal remedy by undertaking or carrying on litigation is not such conduct as constitutes a tort." 86 CJS 969, Torts, § 45. We note here that the remedy of mandamus is available to plaintiff to compel the safety board to afford a hearing if he is so entitled as alleged. *Code Ann.* § 64-101 et seq.

The trial court did not err in granting the motions by defendants Skipworth and Martin to dismiss the complaint for failure to state a claim upon which relief could be granted.

4. The plaintiff has also enumerated as error the granting of a like motion as made by the remaining six defendants. This order was rendered by the trial judge after the order from which this appeal was taken (which was the order dismissing the complaint as to Skipworth and F. K. Martin).

A ruling or judgment *rendered after the judgment appealed from,* if enumerated as error, may be considered by this court if such ruling or judgment *could have some effect* on the judgment appealed from. *Allen v. Rome Kraft Co.,* 114 Ga. App. 717, 718 (152 SE2d 618) ; *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862 (1) (149 SE2d 864). We can see no way in which the order granting the motions of the police chief and the members of the safety board to dismiss the complaint as to them could in any way affect the judgment appealed from. Accordingly, these enumerations are not considered.

*Judgment affirmed. Felton, ·C. J., and Eberhardt, J., concur.*

ARGUED MARCH 4, 1968—DECIDED JULY 10, 1968— REHEARING DENIED JULY 23, 1968—

*Dan Copland,* for appellant.

*Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs, Kelly, Champion & Henson, S. E. Kelly, Davis & Davis, Lennie F. Davis, James H. Fort,* for appellees.

