44220.   COLUMBUS BANK & TRUST COMPANY
v. DEMPSEY.

WHITMAN, Judge.   This appeal is from an order denying defendant's motion to dismiss the plaintiff's complaint.

The complaint, simply stated, alleges that "on or about July 26, 1946, plaintiff did deposit with defendant in a checking account, for *safe keeping,* the sum of one thousand ($1,000) dollars and the defendant did at said time *agree to return to plaintiff said sum upon her demand";* that on or about December 1, 1967, plaintiff demanded the return of the $1,000; that the defendant refused to return said money; and that defendant is, therefore, indebted to plaintiff for said amount. (Emphasis supplied.)   The plaintiff prays for a judgment for $1,000, with interest thereon from the date of the demand.

The defendant moved the court to dismiss the complaint for the following reasons:   (1) For failure to state a claim upon

which relief can be granted; (2) for failure to state a claim for which relief can be granted in equity and good conscience, it appearing from the face of the complaint that plaintiff has waited more than 21 years after making the deposit before making the alleged demand, thus making the claim stale, making the plaintiff guilty of laches, and rendering ascertainment of the truth difficult; and (3) for failure to state a claim upon which plaintiff in equity and good conscience is entitled to relief, because it would be inequitable to allow plaintiff to enforce the claim now asserted by her after her long delay and laches continuing over a period in excess of 21 years. *Held:*

We are of the opinion, having regard to the complaint alone (which must be done quite irrespective of defendant's answer) that the trial court properly denied the motion to dismiss.

1. The defendant has been given fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Martin v. Martin,* 118 Ga. App. 192, 194 (2) (163 SE2d 254). "Under the Civil Practice Act (Ga. L. 1966, p. 609, as amended by Ga. L. 1967, p. 226), a motion to dismiss a complaint for failure to state a claim should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260). If the allegations in the complaint are proved, would the plaintiff be entitled to the relief sought? We think so.

2. The face of the complaint shows a lapse of time of over 21 years since the deposit was made on or about July 26, 1946, and until the demand was made on or about December 1, 1967. This fact is urged by the motion as constituting an equitable bar to the action, but the argument is misplaced. The complaint in this case is a suit at law. The equitable doctrine of laches is not applicable to suits at law. *City of Albany v. Mitchell,* 81 Ga. App. 408 (2) (59 SE2d 37), wherein the court said (p. 414): "As to laches, this was an action at law. . . It is well established in this state that the equitable doctrine of stale demands is not applicable to suits at law."

In the case sub judice no statute of limitation, as distinguished from laches, has been pleaded or insisted on. Any statute of limitation would become operative and begin to run only after the demand was made on or about December 1, 1967, and even if the doctrine of laches could be invoked in a suit at law, it could not be invoked during the period during which a statute of limitation would be applicable. In addition to the case of *City of Albany v. Mitchell*, 81 Ga. App. 408, supra, see also *Louther v. Tift*, 20 Ga. App. 309 (2) (93 SE 70); *Fletcher v. Gillespie*, 201 Ga. 377, 385 (40 SE2d 45); *Dunn v. Dunn*, 221 Ga. 368, 372 (144 SE2d 758); 30A CJS 28, 29, Equity, § 113, and cases cited under Footnotes 4 and 4.5; Cyclopedia of Federal Procedure, Third Ed., Vol. 5, (Rev. 1968) Sec. 15.556, and cases cited under Footnote No. 15 at page 506.

At most, the defendant, appellant here, pleaded as alleged laches the mere lapse of time between the date of the deposit and the date of the demand. Laches does not arise from mere lapse of time. *Crews v. Crews*, 174 Ga. 45 (162 SE 107); *Miller v. Everett*, 192 Ga. 26 (14 SE2d 449); Cyclopedia of Federal Procedure, Third Ed., Vol. 5 (Rev. 1968) Sec. 15.568.

If there be a limitation *at law* on the claim, it is an affirmative defense to be pleaded either by a special plea or by motion to dismiss expressly raising such defense. As above stated, no such defense was pleaded. See *Code Ann.* § 81A-108 (c) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230); *Addington v. Ohio Southern Express, Inc.*, 118 Ga. App. 770 (165 SE2d 658). See also *Stinchcomb v. Hoard*, 221 Ga. 77, 79 (143 SE2d 174).

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

Submitted January 14, 1969—Decided June 30, 1969.

*Swift, Pease, Davidson & Chapman, James H. Blanchard,* for appellant.

*Roberts & Thornton, Jack M. Thornton, Paul Kilpatrick, Jr.,* for appellee.