## 61686. FOSKEY v. SMITH.

BIRDSONG, Judge.

The appellant Foskey is a farmer who has over the past years held a charge account with the appellee Jordan Smith d/b/a Smith Farm Supply. Foskey paid out his account with Smith in February, 1979. Then between March and June, 1979, Smith alleged that Foskey made new charges for various farm supplies and after giving credit for all payments, Smith asserted that Foskey owed over $5,000 plus interest on the unpaid balance on the charge account. Foskey admitted making new purchases from Smith but denied owing the amount alleged. Foskey admitted owing Smith $1,850.50 but asserted in a verified pleading and a brief that Smith either had made a mistake or had prepared false bills showing that Foskey had purchased more fertilizer than actually purchased or feed which Foskey denied purchasing at all. Smith filed an amended complaint reducing his demand to the amount of $4,349 based upon a reduced claim of interest on the unpaid balance and added a claim for attorney fees based upon an allegation that Foskey had been stubbornly litigious. Simultaneously with his amended complaint Smith filed a motion for summary judgment attaching thereto affidavits from himself, his bookkeeper, and two truck drivers who affirmed that they had delivered fertilizer to Foskey and spread it on Foskey's farmland. Foskey represented himself pro se and filed a verified, amended, answer to the amended complaint but has filed no counter-affidavits and has produced no evidence outside his verified pleadings in support of his answer. The trial court entered summary judgment for Smith in the amount of the open account as demanded in Smith's complaint, reserving the issue of attorney fees. Foskey brings this appeal arguing that there are unresolved issues of fact and therefore the grant of summary judgment was error. *Held:*

In his reply brief, Smith asks this court to grant 10% penalty for a frivolous appeal. However, we are satisfied that Foskey's appeal was not taken solely for purposes of delay and will deny the request for penalty.

We are here confronted with a motion for summary judgment supported by affidavits from the movant (creditor) showing a debt for services and materials with supporting documents showing the actual charges made to the debtor. In contradiction, the debtor disputes the accuracy of the supporting document and the amount of the indebtedness but only in verified pleadings.

We wish to emphasize that in cases involving *unverified* pleadings, even in the face of serious allegations in the answer by a respondent apparently creating distinct issues in the pleadings,

nevertheless the Summary Judgment Act was designed to dispose of such litigation expeditiously and avoid useless time and expense in a jury trial where a respondent, given notice and opportunity to show an issue of fact by competent evidence (affidavits or testimony by deposition or otherwise), nevertheless outside its unverified answer does nothing to contradict the affidavits of the movant which show that the respondent has no issuable cause or defense. "It is one thing to make wide general sweeping allegations in a petition, but quite another to testify of one's own knowledge to the existence or non-existence of a fact. Courts are entitled to have a litigant produce proof by affidavit of his cause when full opportunity to do so is afforded and the movant produces proof of his right to have judgment. This is sufficient to insure that no meritorious case will be lost by summary judgment. . . ." *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304 (138 SE2d 580). "The denial by pleadings of facts asserted by a petitioner will not prevent the granting of a motion for summary judgment if the pleadings of the petitioner and the uncontradicted evidence submitted by the petitioner authorize a summary judgment." *Camp v. Fulton County Med. Society,* 219 Ga. 602 (1) (135 SE2d 277).

In this case, however, we are dealing with verified pleadings filed by Foskey in which he not only generally denies the amount of indebtedness, but in specific factual detail asserts that certain of Smith's open account charges are incorrectly tabulated or that Smith presented bills for unpurchased quantities of goods. Thus, we are not dealing with generalized denials or conclusions but with specific factual allegations. These factual allegations are sworn to by Foskey as being true and correct.

In his treatment of Rule 56 of the Federal Rules of Civil Procedure, Professor Moore discusses verified pleadings. While noting that this is not necessarily the·rule in the several federal circuits, and indicating some caution in its accepted application as leading to a "battle of affidavits," nevertheless, he concludes at 6 Moore's Federal Practice ¶ 56.11 [3] at p. 56-250 that: "A verified pleading should have no greater effect than an affidavit. And . . . Rule 56 (e) demands that both supporting and opposing affidavits be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that affiant is competent to testify to the matters stated therein. To the extent that a verified pleading meets that requirement then it may properly be considered as equivalent to a supporting or opposing affidavit, as the case may be." The reasoning supportive of treating a verified pleading as the equivalent of an affidavit is found in the discussion of this question in *Albert Dickinson Co. v. Mellos Peanut Co.,* 179 F2d 265 (CA 7th,

1950) at p. 268 wherein the court stated: "It is undoubtedly a somewhat hazardous course of procedure on a motion for summary judgment for the adverse party not to file an answering or opposing affidavit, where the moving party has filed an affidavit in support of his motion. However, we do not think an inflexible rule should be established that in every case the adverse party be penalized right out of court for not filing an opposing affidavit, especially where such party has already verified under oath, many of the important allegations and statements of fact which would be included in such an affidavit." See also Code Ann. § 81-402 which provides that a verified answer may be used by a defendant as evidence.

Considering Foskey's verified answer and its factual details as the equivalent of and clearly disputing Smith's affidavits, the trial court was confronted with unanswered questions of material facts. The cardinal rule of the summary judgment procedure is that the court cannot resolve facts or reconcile issues, but only ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179). It follows that the trial court erred in granting Smith summary judgment as to the amount of indebtedness owed.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JUNE 24, 1981 —
REHEARING DENIED JULY 6, 1981

*Alvin W. Arnold, W. Lonnie Barlow,* for appellant.
*Duross Fitzpatrick,* for appellee.