## 61891. HARRISON v. HARRISON.

SOGNIER, Judge.

Appellant Jacquelyn Harrison filed a garnishment action against her former husband, C. W. Harrison, based on alimony payments allegedly due under their divorce decree. Appellee filed a traverse of the garnishment, verified by affidavit, stating specifically that he had paid the amounts due under the decree and that nothing was owing. The trial court granted the traverse and Mrs. Harrison appeals.

Appellant contends that the trial court erred in dismissing appellant's garnishment where there was no evidence to support the traverse. The only evidence in the record is appellant's affidavit that appellee was behind in his alimony payments and appellee's verified answer that he had made all the payments due and owing. Although there was a hearing on the matter, we have no transcript of the proceedings.

Appellant cites *Davis v. Gamble,* 151 Ga. App. 155 (259 SE2d 159) (1979) in support of her contention that appellee's verified traverse of garnishment is insufficient to controvert her affidavit. However, in *Davis,* there is no mention that the traverse was verified nor that it raised any factual issues; rather, the traverse was in the form prescribed by Code Ann. § 46-605.

Verified pleadings have been held to be equivalent to a supporting or opposing affidavit for purposes of raising an issue of fact on summary judgment. *Foskey v. Smith,* 159 Ga. App. 163 (1981). The "any evidence" rule applies in cases where the trial judge acts as

the fact finder, and his judgment will not be disturbed if there is any evidence in the record to sustain it. *Azar v. Accurate Construction Co.,* 146 Ga. App. 326 (246 SE2d 381) (1978); *Barrell v. Gibson,* 153 Ga. App. 621 (266 SE2d 308) (1980).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 15, 1981.

*Bruce W. Callner, James J. Brissette,* for appellant.
*Greg Stuhler,* for appellee.