64665. SPIRES et al. v. RELCO, INC.

DEEN, Presiding Judge.

Appellants contend that the trial court erred in granting Relco's motion for summary judgment on both the complaint and the counterclaim.

1. The record shows that Relco served requests for admissions that appellants had failed to make certain payments under a lease agreement, that these payments were due and payable under the lease agreement, that Spires had received a copy of a letter dated February 27, 1981, demanding payment and that within ten days after receipt of the letter appellants failed to pay the sum of $10,966.48. As the record indicates that these requests for admissions were never answered, they are deemed to be admitted, Code Ann. §

81A-136; *Taylor v. Hunnicutt,* 129 Ga. App. 314 (199 SE2d 596) (1973), and the trial court did not err in granting Relco's motion as to the complaint.

2. Relco's motion for summary judgment was accompanied by the supporting affidavit of Relco's president which set forth the appellant's failure to pay under the lease agreement. Appellants filed an amended answer and amended counterclaim which was verified by Spires as "true to the best of his knowledge and belief." In the body of the pleading he sets forth facts which he labels as his third and fourth defense and these defenses are incorporated in the counterclaim which seeks damages for misrepresentations and cancellation of the lease agreement.

"It is basic that unsworn allegations are not evidence; nor do they rise to that level when accompanied by an affidavit made, not upon personal knowledge, but upon the 'best of [affiant's] knowledge,' which is just a variation of our old friend 'information and belief.' [Cits.]" *Heavey v. Security Mgt. Co.,* 129 Ga. App. 83, 84 (198 SE2d 694) (1973). The requirement of personal knowledge, however, may be met where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the party. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442) (1962). As in *Foskey v. Smith,* 159 Ga. App. 163 (283 SE2d 33) (1981), wherein verified pleadings were filed in response to a motion for summary judgment, the allegations sworn to by Spires were indicated to be within his personal knowledge and were not merely generalized denials or conclusions.

As the pleadings were verified, the question remains as to whether the allegations could withstand a parol evidence challenge when Spires' sworn statements pertain to promises of service, training, etc. which he claims were offered as an inducement to get him to sign the contract although such promises were not made a part of the contract and the contract provides that the "lease is the entire agreement between the parties and cannot be modified, amended, supplemented or rescinded except by a writing signed by the parties." Under Code Ann. § 38-501 "parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." "The rule that parol agreements shall not be received to change or add to the terms of a written contract does not apply where the alleged contract was procured by fraud. A stipulation in a contract that the provisions thereof constitute the sole and entire agreement between the parties and that no modification thereof shall be binding on either party unless in writing and signed by the seller can have no bearing in a case where fraud to induce the contract is the issue. [Cits.]" *Kimbrough v. Adams,* 65 Ga. App. 536, 538 (16 SE2d

96) (1941). The decision in *Kimbrough,* supra, has been modified by subsequent case law. *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587, 591 (83 SE2d 580) (1954), involved a contract for sale and the buyer alleged that certain misrepresentations by the seller induced him to enter into a contract which stipulated that the written contract was the entire agreement between the parties. This court held that in the absence of fraud on the part of the seller by preventing the buyer from having knowledge of the contract's contents and absent any misrepresentations within the instrument, the buyer has waived his right to seek damages because of the oral misrepresentation. The court reviewed the elements of fraud (representations made by the opposite party, knowledge that the representations were false and made with the intention of deceiving the opposite party, the other party's reliance upon the representations, and loss or damage sustained as a result of the misrepresentations) and held that as to the reliance element, reliance "cannot be shown as a ground for rescission of a contract which itself contains an express provision that no representations will be relied upon which are not contained in the contract itself, and the injured party alleges no fraud which kept him from knowing the contents of the instrument when he signed it." The elements of fraud have been restated in *Marriott Corp. v. American Academy of Psychotherapists,* 157 Ga. App. 497, 498 (277 SE2d 785) (1981): "(1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff."

Recent cases have been consistent with the rule set forth in *Alpha Kappa Psi Bldg. Corp.,* supra. In *Charter Medical Mgt. Co. v. Ware Manor, Inc.,* 159 Ga. App. 378 (283 SE2d 330) (1981), this court, in a case which alleged fraudulent inducement to enter into a contract which contained an express merger clause, held that there was no reliance absent a showing that the buyer lacked knowledge of the contents of the contract and, since the alleged representations were not stated in the contract itself, the merger clause precluded a claim of fraud. This rule was further clarified in *Levine v. Peachtree-Twin Towers Co.,* 161 Ga. App. 103, 104 (289 SE2d 306) (1982), wherein this court addressed a fraudulent inducement claim arising out of a lease agreement and held that "even assuming that the evidence would otherwise authorize a finding of fact that the agent's statement was an actionable misrepresentation, it is clear that under the terms of the 'ENTIRE AGREEMENT' provision of the subsequently executed lease agreement, appellants are 'precluded from setting up fraud in the contract through such misrepresentations.' "

In the present case, the lease agreement contains a clause which expressly stipulates that maintenance of the equipment is the sole responsibility of the lessee and the agreement also contains a disclaimer of warranties clause. In his counterclaim appellant does not contend that he was prevented from knowing the contents of the instrument when he signed it. Therefore, we find that the disclaimer and merger clause gave Spires notice that the written agreement was the entire agreement between the parties and the judgment of the court below must be affirmed.

3. Appellee's motion for damages for a frivolous appeal is denied.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1983.

*E. Herman Warnock,* for appellants.
*Preston N. Rawlins, Jr., David H. Pope, Mark A. Kelley, Michael McGlamry,* for appellee.