76459. MOORE et al. v. GOLDOME CREDIT
CORPORATION et al.
(370 SE2d 843)

BIRDSONG, Chief Judge.

This is an appeal from the order of the superior court granting summary judgment to the appellee Goldome Credit Corporation (GCC). Appellants assert that the trial court erred in concluding that appellee GCC was a holder in due course, and that GCC was not a holder in due course and thus was subject to the claims which appellant had against KBS Homes. Moreover, appellant asserts that appellee GCC's motion for summary judgment specifically relied upon the non-existence of any agency relationship between GCC and KBS, and speculates that the trial court's order "was based solely on the theory that since GCC had no agency-employment relationship then [appellant's] 'personal defenses' [of fraud in the inducement and failure of consideration] were not available against GCC's status as HIDC." Fi-

nally, appellants assert that GCC's status as a HIDC is immaterial as GCC waived all benefits or advantages thereof by virtue of a waiver clause contained in the security agreement which it was assigned by KBS.

Appellants contracted with KBS Homes to purchase a partially prefabricated "Cedric" model home, which was to be erected on appellants' land. Appellants, during the course of their transaction with KBS, executed a certain note, security agreement, and other security paper. The security agreement was subsequently assigned to the appellee. The document contained the required notice that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER. . . ." It is averred that KBS constructed another model home on appellants' property, using defective materials. Appellant subsequently brought suit against both KBS and GCC, alleging that "KBS was an agent of Goldome." In their complaint appellants aver fraud, fraudulent misrepresentation, and give notice of failure of consideration. Appellants seek the remedies of rescission of the loan documents, damages, and temporary and permanent injunctive relief to preclude foreclosure of the security instruments. KBS did not file defensive pleadings and is in default. GCC answered and counterclaimed. Subsequently, GCC filed a motion for summary judgment. Appellants did not respond to the motion, instead relying on the information already before the trial court and their complaint which was sworn to before a notary by appellant Mary Frances Moore.

Appellants enumerate as error that the trial court erred by granting summary judgment in favor of appellee GCC. *Held*:

Appellee asserts that appellants failed to follow certain procedural rules found in the Uniform Rules of Superior Courts. Although appellants apparently failed to comply with the technical provisions of Rules 6.2 and 6.5, Uniform Rules for the Superior Courts, particularly by failing to file any affidavit or similar responsive material to appellee's motion for summary judgment, this failure does not entitle appellee automatically to receive favorable consideration of his motion. Rather, it results in the appellants losing a very valuable opportunity to persuade the trial court in their favor. See generally *Spikes v. Citizens State Bank*, 179 Ga. App. 479 (1) (347 SE2d 310), holding that "appellant's failure to comply . . . resulted in his loss of opportunity to persuade the trial court. . . . Since appellant failed to comply in any way with the [r]ules . . . he cannot be heard to complain that the wheels of justice have rolled over him." "[O]n summary judgment, the movant has the burden of showing 'there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law.' [Cit.] When, as in the instant case, the movant is the

defendant, he has the additional burden of piercing the plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint." *Corbitt v. Harris*, 182 Ga. App. 81, 83 (354 SE2d 637). In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Bridges v. Interstate Truck Leasing*, 171 Ga. App. 361 (319 SE2d 531); see *Dickson v. Dickson*, 238 Ga. 672, 675 (235 SE2d 479), citing *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442).

Appellee also attacks appellants' complaint as being inadequately verified for summary judgment purposes. A properly verified pleading containing specific factual allegations "must be considered in opposition to affidavits filed in support of a motion for summary judgment and may defeat the motion." Davis & Shulman's, Ga. Practice & Procedure (5th ed.), Complaints, § 7-17, citing *Foskey v. Smith*, 159 Ga. App. 163, 164 (283 SE2d 33), cert. vacated, 249 Ga. 32 (289 SE2d 248). However, a verified pleading has no greater effect than an affidavit tendered pursuant to OCGA § 9-11-56 (e), and must comply with the Rule 56 (e) requirement that both supporting and opposing affidavits shall be made on "personal knowledge." *Foskey*, supra at 164.

In this case, appellant Mary Frances Moore attempted to verify the complaint in the following manner: "[T]he undersigned . . . after being duly sworn on oath deposes and says that the facts contained in the . . . petition are true and correct to the best of her knowledge and belief." Unsworn allegations in pleadings that have not been admitted by the opposing party are not evidence for purposes of summary judgment resolution, *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (366 SE2d 223), nor do they rise to that level merely because an attempt has been made to verify the pleadings, not upon personal knowledge, but upon " ' "the best of [affiant's] knowledge" [and belief], which is just a variation of our old friend "information and belief." ' " *Spires v. Relco Inc.*, 165 Ga. App. 4 (2) (299 SE2d 58); see *Carter v. Hayes*, 214 Ga. 782 (2) (107 SE2d 799); *Stinchcomb v. Hoard*, 221 Ga. 77, 80 (143 SE2d 174). Thus, we conclude that the appellants' pleadings were not adequately verified so as to meet the requirement of personal knowledge, and therefore could not be considered on equal footing with an affidavit in resolution of the motion for summary judgment. However, "[t]he requirement of personal knowledge . . . may be met where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the party. *Spires*, supra at 5. To the extent appellants' complaint meets this test, we will give those factual statements due consideration.

Applying the above rules, we conclude that no genuine issue of material fact exists regarding the question of appellee's liability on

any theory of principal-agent relationship existing between appellee GCC and the builder KBS.

Appellants have expressly asserted, for the first time on appeal, that appellee has waived its holder in due course status, pursuant to the terms of the security documents of which it is an assignee. This assertion is not without certain merit. But, our review of appellants' complaint discloses that suit was not instituted against the appellee on that express ground or on any ground anchored on appellee's status as an assignee of the security documents. In fact, a review of the pleadings shows on their face a complete absence of an averment of any justiciable issue concerning the assignment of the security documents. "The Civil Practice Act abolished 'issue pleading,' substituted in lieu thereof 'notice pleading,' authorized the pleading of conclusions, and directed that 'all pleadings shall be construed so as to do substantial justice.'" *Fonda Corp. v. Southern Sprinkler Co.*, 144 Ga. App. 287 (5) (241 SE2d 256). The test to be applied in determining whether the complaint states a specific claim for relief under which the plaintiff may recover is whether on its four corners the complaint "places the defendant on notice of the claim against him." See *Walton v. James & Dean, Inc.*, 177 Ga. App. 77 (1) (338 SE2d 516); *Acker v. Veal*, 183 Ga. App. 297 (359 SE2d 7). We find that appellants' pleadings were not sufficient to place appellee on notice of any claim grounded on waiver of holder in due course status whether arising by virtue of the terms contained in the assigned security documents or otherwise. Accordingly, we need not resolve the merits of appellants' contention at this time. We are satisfied that in view of the somewhat limited scope of appellants' notice pleadings, as above discussed, the trial court did not err in granting summary judgment to the appellee.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 21, 1988.

*E. Herman Warnock*, for appellants.
*Thomas H. Hinson II*, for appellees.