A97A0244. HANSEN et al. v. MT. YONAH SCENIC ESTATES
CLUB, INC. et al.

(488 SE2d 732)

ANDREWS, Chief Judge.

The appellants in this case are seven[1] individual members of a neighborhood association who have sued the association and three members of the Board of Directors for breach of fiduciary duty and bad faith. The trial court granted summary judgment to the association and the directors, finding that appellants had not come forward with any additional evidence beyond their verified complaint. Appellants contend the specific facts set out in the verified complaint and four amended complaints are sufficient to raise issues of fact for a jury.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In support of their motion for summary judgment, appellees submitted affidavits from the three board members, Layer, Praet, and Chambers. The affidavits are identical, all stating that the affiants performed their duties as a member of the Board of Directors in the good faith belief that they were acting in the best interests of the corporation and with the care of an ordinary person in like circumstances.

In opposing this motion, appellants rested on their verified pleadings, which claimed the defendants had (1) distributed funds from Mt. Yonah and bound the corporation to agreements without any authority; (2) acted in bad faith by refusing to allow appellants to inspect the corporate records; (3) made no accounting of corporate records and gave a non-board member custody of the corporate records; and (4) acted in bad faith by paving roads without the agree-

---

[1] The complaint was brought by seventeen members initially, but ten were voluntarily dismissed in the course of the litigation.

ment and approval of a majority of the members.

"A properly verified pleading containing specific factual allegations must be considered in opposition to affidavits filed in support of a motion for summary judgment and may defeat the motion." (Citations and punctuation omitted.) *Moore v. Goldome Credit Corp.,* 187 Ga. App. 594, 596 (370 SE2d 843) (1988). However, a verified pleading has no greater effect than an affidavit tendered pursuant to OCGA § 9-11-56 (e) and must comply with the Rule 56 (e) requirement that both supporting and opposing affidavits shall be made on personal knowledge. Id.

Here, we find the verified complaint, as set out above, contained specific factual allegations sufficient to withstand the affidavits submitted in support of the defendants' motion for summary judgment. However, the verifications do not state that they are made on personal knowledge, nor do the contents of the pleadings themselves indicate that material parts of them are within the personal knowledge of the parties. *Moore,* supra at 596; *Spires v. Relco, Inc.,* 165 Ga. App. 4, 5 (299 SE2d 58) (1983). For instance, with regard to their claim that a non-board member had custody of the records, the complaint states this was "to the best of Plaintiffs' knowledge." The complaint also states "[p]laintiffs *believe* that the named defendants have continued to disburse monies. . . ." Thus, the complaint, although verified, is not made with personal knowledge but is simply a variation on the "information and belief" type. *Moore,* supra at 596; *Computer Maintenance Corp. v. Tilley,* 172 Ga. App. 220, 223 (322 SE2d 533) (1984); *Spires,* supra.

Moreover, the trial court, after several hearings and in three previous orders, had dealt with all the issues raised except for whether a receiver should be appointed and whether or not the defendants acted in bad faith and not in the best interests of the corporation in doing or failing to do the acts complained of in the complaint and amended complaints. A review of the complaint and amended complaints shows no averments as to personal knowledge of the plaintiffs as to whether or not defendants were acting in bad faith, nor do the contents of the pleadings themselves indicate that the parties have personal knowledge on this issue. See *Moore,* supra at 596; *Spires,* supra at 5. This is especially true when, as previously discussed, the amended complaint states: "The Defendants herein have acted in utmost bad faith, unlawfully and without proper authority, in continuing to insist on acting on behalf of the Corporation, MT. YONAH SCENIC ESTATES CLUB, INC. Plaintiffs *believe* that the named Defendants have continued to disburse monies and contractually bind the corporation when they no longer have any authority to represent the corporation." (Emphasis supplied.) Accordingly, there is simply no evidence in the amended complaint that

defendants even performed some of the acts complained of, much less that these acts were performed in bad faith. In contrast, the affidavits of the defendants do indicate they have personal knowledge on this issue and state that they "at all times performed the duties of the office in the good faith belief that I was acting in the best interest of the Corporation."

Therefore, whether or not some of the facts asserted in the amended complaint can be construed as within the personal knowledge of the plaintiffs is immaterial since there is no evidence before us tending to show that defendants were acting in bad faith. *Lau's Corp.*, supra at 495. Accordingly, the pleadings were not sufficient to withstand a motion for summary judgment supported by sworn affidavits based on personal knowledge of the defendants. The trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., and Eldridge, J., concur. Beasley, Smith and Ruffin, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because the amended complaint, which was verified individually by the 13 plaintiffs remaining at the time it was filed, met the requirements of the law to create a genuine issue of material fact when measured against the affidavits of the defendants. Defendants' affidavits were filed after two hearings and two injunctions against particular defendants had been ordered by the trial court. One of them was enjoined from further participation as a member of the board of directors and officers, and the other ordered that a proper membership meeting be called because of various irregularities in a purported meeting. The court's orders set out the supporting findings of fact.

OCGA § 9-11-56 (e) requires that affidavits "shall be made on personal knowledge." It does not require that an affidavit must employ those precise words in order to be valid. It suffices if the fact that the affidavit is made on personal knowledge is conveyed, to assure that the statements would not constitute hearsay or mere speculation or conclusions or suffer some other such incompetency and thus be inadmissible in evidence. See, e.g., *Davis v. Haupt Bros. Gas Co.*, 131 Ga. App. 628, 629 (2) (206 SE2d 598) (1974); *Computer Maintenance Corp. v. Tilley*, 172 Ga. App. 220, 223 (2) (322 SE2d 533) (1984).

Even defendants' affidavits do not include such language, but it is evident from the nature of the facts set forth that they are made on personal knowledge. Illustrative is the first fact set forth in each of the three affidavits: "I am/was a member of the Board of Directors of Mt. Yonah Scenic Estates Club, Inc." If the law required the document containing the testimony to expressly state that it was "made

on personal knowledge," then these affidavits would fall short and the question of the competency of plaintiffs' testimonial evidence would be moot. But defendants' affidavits show that they are made on personal knowledge by "other material" rather than on an outright statement, which is allowed. *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259, 264 (174 SE2d 178) (1970). In *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988), the Court examined the pleadings because " '(t)he requirement of personal knowledge . . . may be met where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the party.' [Cit.]"

Properly verified pleadings are equivalent to a supporting or opposing affidavit for the purpose of raising a fact issue on summary judgment. *Harrison v. Harrison*, 159 Ga. App. 578 (284 SE2d 83) (1981); *Foskey v. Smith*, 159 Ga. App. 163 (283 SE2d 33) (1981). Foskey's verified answer, which swore that the factual allegations were true and correct, was sufficient to defeat a motion for summary judgment. Id. at 164.

The plaintiffs' amended complaint meets the test, at least in some material particulars. Each verification states that "the facts and allegations set forth in the foregoing complaint are true and correct." Period. There is no qualifier. There is no equivocator. It is a positive, direct, forthright statement unencumbered by a fatal detractor such as "to the best of my knowledge" or "upon information and belief." See *Spires v. Relco, Inc.*, 165 Ga. App. 4, 5 (299 SE2d 58) (1983).

The complaint sets forth facts such as what occurred at the August 20, 1994 membership meeting, what defendants did thereafter, that defendants refuse to surrender the association books and records, that there has been no accounting made of association funds, that defendants have acted in bad faith by refusing to provide the records, by continuing to conduct business without lawful right, and by letting paving contracts after the association voted not to pave any roads other than the main entrance. The statements that a named person was the last known person to have the financial records "to the best of Plaintiffs' knowledge" and that plaintiffs "believe" that defendants have continued to disburse monies are not statements of fact but do not purport to be; they merely explain some of the consequences of the alleged misdeeds of defendants, that is, that plaintiffs as members do not know who has the financial books or whether defendants disbursed association funds or contractually bound it. These two statements do not invalidate the sufficiency of the testimony that the other facts set forth are "true and correct." It is implicit that their personal knowledge is gained from their status and involvement as members of the defendant club.

Since the verified amended complaint indicates personal knowledge of material facts, it meets the defendants' sworn statements that they acted in good faith and with the care of an ordinary person in like position and circumstances. The latter constitutes subjective, biased opinion, not objective statements of fact by disinterested persons. Construing all evidence including reasonable inferences most favorably toward the nonmovant plaintiffs, *Greenforest Baptist Church v. Shropshire*, 221 Ga. App. 465 (471 SE2d 547) (1996), we must conclude that defendants have not eliminated the necessity for a jury trial. The sworn testimony of the two sides is in conflict as to pertinent facts; summary judgment is premature.

I am authorized to state that Judge Smith and Judge Ruffin join in this dissent.

DECIDED JULY 11, 1997.

*Erck, Dever & Merlin, Lawrence M. Merlin, Judith W. Bowman,* for appellants.
*William S. Hardman,* for appellees.