## A99A1638. GILSTRAP v. HEAD.
(529 SE2d 661)

BARNES, Judge.

Cecil Gilstrap sued Dean Head, alleging that Head's negligence proximately caused him to fall while trimming a tree limb on Head's property. Head denied liability and moved for summary judgment. The trial court granted Head's motion, ruling that, as to the defense of contributory negligence, the evidence showed that Gilstrap "failed to use ordinary care for his own safety, and in doing so, failed to avoid any negligence of the Defendant which was apparent to him by his own testimony. His negligence was the proximate cause of his injuries." Gilstrap appeals, arguing that genuine issues of material fact exist for a jury to decide. We agree and reverse.

When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). Further, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

Head's motion for summary judgment was based on his affidavit, portions of Gilstrap's deposition testimony, and Gilstrap's answers to Head's interrogatories. Those documents reveal that Gilstrap was doing yard work for Head when Head asked him to climb a ladder with a chain saw and trim an oak limb. Head agreed to hold the ladder. Gilstrap demurred at first but then agreed to perform the task. While he was sawing through the limb, it bent and caught the chain saw, then swung toward him. Gilstrap was not sure exactly what happened, but he thought that the tree limb hit him in the head and pushed the ladder away from the tree. Head averred in his affidavit that as Gilstrap cut through the limb with the chain saw, the limb "flopped down" and hit the ladder, knocking it off the tree and out of Head's hands. Finally, Gilstrap said in an interrogatory answer that Head "turned loose of the ladder and ran off."

Head points out that in his deposition, Gilstrap said nothing about Head having let go of the ladder and testified at deposition that the only thing Head could have done to prevent the injury might have been to tie a rope to the back of the limb to pull it away as it fell. Head concludes that these statements are contradictory and, thus, Gilstrap's interrogatory answer must be construed against him under *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

In *Prophecy Corp.*, the Supreme Court of Georgia held that a trial court must decide as a matter of law if the testimony of a party-

witness is contradictory. Id. at 30. The testimony " 'is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony.' " *Smith v. Vencare, Inc.*, 238 Ga. App. 621 (1) (519 SE2d 735) (1999). Here, the fact omitted from Gilstrap's deposition testimony, that Head let go of the ladder, does not conflict with his earlier interrogatory answer; the answer is "merely fuller, more expansive, and complete." Id. Because we perceive no contradiction between Gilstrap's deposition testimony and his earlier filed interrogatory answers, we find no cause to construe his deposition testimony against him. Therefore, the trial court erred in granting summary judgment to Head, because genuine issues of material fact remain for a jury to consider.

*Judgment reversed. Eldridge, J., concurs. Blackburn, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 14, 2000 —
RECONSIDERATION DENIED FEBRUARY 23, 2000 —

*Charles B. Brown*, for appellant.
*Carey, Jarrard & Walker, Christopher J. Walker III*, for appellee.