## A07A1426. WORKSITERX, LLC v. DRTANGO, INC.
### (648 SE2d 775)

ANDREWS, Presiding Judge.

DrTango, Inc. sued WorksiteRx, LLC to collect amounts claimed due on a written services and licensing agreement entered into between the parties. The trial court granted summary judgment in favor of DrTango, and WorksiteRx appeals claiming that genuine issues of fact preclude the award of summary judgment. For the following reasons, we reverse.

The trial court granted summary judgment in favor of DrTango in the amount of $9,600 principal plus interest on the basis of an affidavit filed by DrTango in support of its motion for summary judgment, which showed that WorksiteRx owed DrTango $9,600 under the terms of the agreement. WorksiteRx denied any amount was due and filed a cross-motion for summary judgment supported by an affidavit claiming that, before the time period for which DrTango seeks payment for services provided under the agreement, WorksiteRx and DrTango entered into an oral agreement mutually rescinding the written agreement and agreeing that no further services would be provided.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Rainier Holdings, Inc. v. Tatum*, 275 Ga. App. 878 (622 SE2d 86) (2005). The affidavit filed by WorksiteRx was sufficient to preclude summary judgment by creating a genuine issue of material fact as to whether, prior to the time DrTango claims it rendered the services at issue, WorksiteRx and DrTango mutually entered into an oral agreement rescinding the prior written agreement. "Parties may by mutual consent abandon an existing contract between them so as to make it not thereafter binding and the contract may be rescinded by conduct as well as by words." (Punctuation omitted.) *Holloway v. Giddens*, 239 Ga. 195, 197 (236 SE2d 491) (1977), overruled on other grounds, *Brown v. Frachiseur*, 247 Ga. 463, 465 (277 SE2d 16) (1981); *Loadman v. Davis*, 210 Ga. 520, 522 (81 SE2d 465) (1954); OCGA § 13-5-7. The consideration for the oral agreement to rescind is provided by each party's discharge of the duties of the other. *Holloway*, 239 Ga. at 197.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED JULY 3, 2007.

*Spurlin & Spurlin, John C. Spurlin*, for appellant.
*Macey, Wilensky, Kessler, Howick & Westfall, Hal J. Leitman*, for appellee.