A10A1526. C. BROWN TRUCKING COMPANY, INC.
v. HENDERSON.

(700 SE2d 882)

SMITH, Presiding Judge.

In this breach of contract action, C. Brown Trucking Company, Inc. (Brown) appeals from the grant of summary judgment to Charles Henderson on Henderson's claim for damages following the destruction of a car carrier trailer rented to Brown. We conclude that the trial court erred in granting summary judgment to Henderson and therefore reverse.

On appeal from the grant of summary judgment, this court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The record reveals that Henderson filed a verified complaint averring that Brown rented a car carrier trailer from him that was destroyed while in Brown's possession. The parties executed a rental agreement on February 28, 2008, which provided that Henderson would deliver the trailer to Brown on that date and that the rental would begin on March 3, 2008 and end on March 8, 2009. The agreement also provided that if the trailer was lost while in Brown's possession, Brown would pay Henderson $20,000, the value of the trailer.

Brown's answer claimed that although on February 28 Charles

Brown (as owner of Brown Trucking Company) and Henderson signed the agreement, on March 2, 2008, one day before the rental period was to begin, he and Henderson "agreed to void the contract and [Henderson] agreed to tear up his copy of the contract." Charles Brown also claimed that he was unable to use the trailer because it had an expired tag and was "structurally unsuitable" and that on March 3, 2008, he agreed, at Henderson's direction, to have the trailer transported to a repair shop for a repair. He alleged that on March 5, 2008, Henderson "was notified and requested to pay for the repairs and pick-up the trailer." Henderson did not pick up the trailer which was destroyed on March 15 by a tornado.

Henderson moved for summary judgment and filed an affidavit in support of the motion in which he averred (1) that on February 28, 2008, Brown took possession of the trailer, (2) that he consented to Brown taking the trailer to a repair shop for a "minor" repair, (3) that he gave Brown the money to pay for the repairs to the trailer, (4) that Brown did not retrieve the trailer after it was repaired, (5) that the trailer was destroyed by a tornado "on or about March 15, 2008," and (6) that he did not agree to void or terminate the rental agreement with Brown. Brown did not respond to Henderson's motion for summary judgment, and the failure to respond was specifically noted by the trial court in its order granting the motion on the ground that "there remains no genuine issue as to any material fact."

1. On appeal, Brown argues that its verified answer creates a genuine issue of material fact as to whether the parties mutually rescinded the rental agreement. We agree.

> Parties may by mutual consent abandon an existing contract between them so as to make it not thereafter binding and the contract may be rescinded by conduct as well as by words. The consideration for the oral agreement to rescind is provided by each party's discharge of the duties of the other.

(Citations and punctuation omitted.) *WorksiteRx, LLC v. DrTango, Inc.*, 286 Ga. App. 284, 285 (648 SE2d 775) (2007). Brown's verified answer was therefore sufficient to preclude summary judgment by creating a genuine issue of material fact as to whether the parties rescinded the contract. See id.

Henderson argues that because Brown did not respond to his motion for summary judgment, it failed to present any "conflicting facts." "There is, however, no such thing as a default summary judgment." (Citations and punctuation omitted.) *Smith v. Atlantic Mut. Companies*, 283 Ga. App. 349, 351 (1) (641 SE2d 586) (2007).

Henderson is entitled to summary judgment only if he pierced the defenses in Brown's answer and Brown failed to respond with specific facts showing a genuine issue for trial. *Crown Ford v. Crawford*, 221 Ga. App. 881, 882 (473 SE2d 554) (1996). Here, Henderson did not pierce the defense presented in Brown's answer that the two rescinded the rental agreement on March 2, 2008. Therefore, Brown was not required to respond with other specific facts.

Henderson also argues that the verification attached to Brown's answer was based only upon "the best of [Brown's] knowledge, information and belief," and is insufficient to withstand his verified complaint and affidavit. This argument also fails. While it is true that *personal* knowledge and not belief is required in a verification for summary judgment, *Fletcher v. Hatcher*, 278 Ga. App. 91, 93 (2) (628 SE2d 169) (2006), "the requirement of personal knowledge may be met where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the party." (Citation and punctuation omitted.) *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988).

Here, Brown's answer stated that Charles Brown personally signed the rental agreement, that he and Henderson later orally agreed to rescind the contract, and that he acted at Henderson's direction to have the trailer transported for repair. The answer therefore meets the requirement of personal knowledge and must be considered in opposition to Henderson's complaint and affidavit filed in support of his motion for summary judgment. See *Moore*, supra at 596; compare *Hansen v. Mt. Yonah Scenic Estates Club*, 227 Ga. App. 258, 259 (488 SE2d 732) (1997) (verified complaint not made with personal knowledge where plaintiffs stated they only *believed* defendants continued to disburse monies).

Finally, Henderson argues that because the rental agreement states: "This agreement may be modified only in a writing signed by all the parties," any rescission of the contract must be in writing. In interpreting contracts, "the language used is given its literal meaning, and common ordinary words are given their usual significance." (Citations, punctuation and footnote omitted.) *Eastside Gardens of Snellville v. Sims*, 248 Ga. App. 797, 800 (1) (547 SE2d 383) (2001). The word "modify" is defined as "[t]o change the form or external qualities of; to vary; to give a new form to." Webster's Unabridged Dictionary (2nd ed. 1983), p. 1155. Therefore, a modification of the agreement is not equivalent to a rescission or cancellation of the agreement. And if the parties had desired to require that the rental agreement could only be rescinded in writing, they could have done so. See, e.g., *BDI Laguna Holdings v. Marsh*, 301 Ga. App. 656, 661 (1) (689 SE2d 39) (2009) (clause provided that contract could not be

amended, changed, modified, extended or rescinded unless parties agreed to do so in writing).

2. Brown's remaining enumeration is rendered moot by our holding in Division 1.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 9, 2010.

*Stephen T. Maples*, for appellant.
*Gilder H. Howard, Sr., Sidney L. Storesund*, for appellee.